# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600
Contact@ParkerHanski.com

August 8, 2018

Via ECF
The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court

**Re:** *Kelly Irish v. Tropical Emerald LLC and Chaps, Inc.* (EDNY No. 1:18-cv-00082)

Dear Judge Bulsara:

  **Plaintiff's Position:** We represent the plaintiff in the above-entitled action. Pursuant to Your Honor's Order of June 27, 2018, the parties hereby submit this joint status report. On July 24, 2018, the parties appeared for and engaged in a mediation but, unfortunately, the mediation was unsuccessful in resolving this action. Accordingly, plaintiff respectfully asks the Court to schedule a conference for the purposes of entering into a case management plan and scheduling order. In advance of the conference, the parties can complete a "Discovery Plan Worksheet" for submission to the Court at least two days prior to the scheduled conference.

  Defendants' position to hold yet another settlement conference (before discovery is completed) is not only wasteful but frivolous. It is wasteful of Your Honor's time because the parties already conducted a settlement conference without success. And it is also frivolous because defendants refuse to remediate ADA violations on the grounds that they will only perform the remediation that they self-servingly deem "readily achievable." Moreover, defendants could issue a Rule 68 Offer of Judgment to address their concern of running up legal fees. Defendants' failure to make such an offer of judgment reveals that they are not willing to remediate what is required by law and that they are seeking judicial intervention to bully plaintiff into accepting far less than what the law requires.

  This litigation therefore presents a genuine question of fact as to what remediation is "readily achievable" to remediate and whether defendants' readily achievable standard is actually applicable to this case. For example, under the ADA, if the defendants altered any portion of the property then that altered portion must be made accessible unless it was virtually impossible to do so. *See Roberts v. Royal Atlantic*, 542 F.3d 363 (2nd Cir. 2008). Accordingly, discovery is unfortunately necessary to resolve this action.

  Defendants' citation to the law regarding aisle spacing demonstrates that discovery is necessary. The practice that defendants seek to continue is to keep the aisles obstructed/cluttered with merchandise for sale so that they can increase their profits at the expense of the disabled. Fortunately, the ADA prohibits defendants' conduct. Section 3.5 of the 1991 ADA Standards defines an "accessible route" in relevant part as "a continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures."

Section 4.3.3 of the 1991 ADA Standards generally requires a route to be at least 36 inches wide and up to 42 inches wide when people who use wheelchairs must make a 180-degree turn around an obstruction as shown in Figure 7 from the 1991 Standards:



NOTE: Dimensions shown apply when x < 48 in (1220 mm).

Defendants' desire to continue its practice of profits over people violates the ADA, which does regulate aisle widths with respect to merchandise displays. *See e.g. Chapman v, Pier 1 Imports, Inc.*, 779 F.3d 1001, 1008 (9th Cir. 2015) (in resolving the same fact pattern and issue of inaccessible aisles in a retail store, the Ninth Circuit Court of Appeals recently held that plaintiff's "evidence demonstrates that these policies and procedures were either ineffective in preventing frequent blocking of the aisles or honored in the breach.").

**Defendants' Position:** Defendants request the Court to schedule a settlement conference with Your Honor or another Magistrate Judge and to stay discovery in this matter pending the outcome of that conference. Defendants make this request because Defendant Tropical Emerald ("Tropical") has agreed to address all issues raised by Plaintiff's expert report that are readily achievable to remediate. Tropical will install two new automatic entry doors at the front of the store and will adjust movable "rounders" and "4-ways" (the clothing racks on which

merchandise is hung) to ensure that on each level the main aisle and aisles from the main aisle to the cash register desk, the fitting rooms and the restrooms are all 36 inches wide. For all other aisles, Tropical will post signs advising any customer needing assistance with merchandise selection to ask a store associate or manager for assistance. Tropical's emergency stair exits comply with applicable laws and building codes. Thus, Tropical will address all of the remediation issues identified in Plaintiff's expert's report. In light of Defendants' position, discovery would serve no purpose other than to unnecessarily run up attorneys' fees. A settlement conference under this Court's supervision has a better chance of resolving this matter than the three hour mediation in this case, which never had a chance of success.

      A settlement conference would waste far less time than engaging in useless discovery. Plaintiff's expert already inspected Tropical's premises and produced a report. The only issue plaintiff claims to require discovery pertains only to the question of whether the law requires all store aisles to be physically widened to the point where the store is not economically viable, notwithstanding Tropical's plan to post signage offering customers assistance in accessing merchandise in aisles that are not 36 inches wide. The law does not require this as to moveable clothing displays here at issue. As stated in *Lieber v. Macy's West, Inc.,* 80 F. Supp. 2d 1065, 1077 (N.D. Cal. 1999), "The explicit language of the ADA, Department of Justice ("DOJ") ADA regulations, and the legislative history of the ADA uniformly indicate that the statute does not contemplate that customers in wheelchairs will have 100% physical access to merchandise at Macy's or at any other retail store." "DOJ regulations explain that 'the rearrangement of temporary or movable structures, such as furniture, equipment or display racks is not readily achievable to the extent that it results in a significant loss of selling or serving space.'" *Id.* at 1078. *See* 28 C.F.R. § 36.304(f); *Alford v. City of Cannon Beach,* 2002 WL 31439173 (D. Ore. Jan. 15, 2002); *Colo. Cross-Disability Coalition v. Too, (Delaware), Inc.,* 344 F. Supp. 2d 707 (D. Colo. 2004). Tropical estimates that making all aisles in the store 36 inches wide would require removal of between 40% and 50% of the merchandise displayed in the store, so that the relief plaintiff seeks would not be readily achievable.

      Unlike the defendant in *Lieber v. Macy's,* defendant Tropical has considered and offered to provide access to all of its aisles through "alternative methods." Tropical's willingness to accommodate should be the basis for negotiation, not for continued litigation and discovery. As to plaintiff's suggestion that a Rule 68 offer would lower fees, Judge Cogan of this Court had a better idea – dismissal of plaintiff's state and local claims, the sole basis for their fee claims. *See Phillips v. 180 Livingston, LLC, 2017* WL 2178430 (EDNY – 17 Civ. 325, May 16, 2017).

      Thank you for your time and attention to this matter.

                              Respectfully,

                              /s/
                            Glen H. Parker, Esq.