

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Eric D. Witkin
212.497.8487 direct
212.583.9600 main
646.417.7546 fax
ewitkin@littler.com

October 22, 2020

**VIA ECF**

Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Kelly Irish v. Tropical Emerald LLC and Rainbow USA LLC* (EDNY - No. 18 CV 00082)

Dear Judge Bulsara:

Our law firm represents Defendants in this action.  We write pursuant to the Court's October 15, 2020 Order ("Order"; 10/15/20 Dkt Entry) that "Defendants may move to designate an expert by 10/22/2020, explaining why they should be permitted to do so."

As the Court suggested, Plaintiff's counsel Mr. Parker and I conferred yesterday about a possible resolution of the issue raised by the Order. Because Defendants claim to have performed remediation to the areas and features that Plaintiff's expert inspected after Plaintiff's inspection, Plaintiff desires to send Plaintiff's expert back to the site in a few weeks to verify what changes and/or modifications have been made to the site since Plaintiff's expert's initial visit and report about that visit in May 2018. Both sides agree that Defendants' proposed expert and Plaintiff's expert are appropriate witnesses as to the site's conditions. On that basis, Plaintiff's counsel suggested that the parties stipulate to a schedule for expert discovery that would include Defendants' expert disclosures, Plaintiff's supplemental expert report, and depositions of the parties' experts concerning their site visits and reports. On that basis, subject to the Court's approval, Plaintiff would withdraw his verbal objection to Defendants' expert disclosures. Defendants plan to make their expert disclosures by October 30, 2020. During November 2020, on a mutually convenient date, Defendants will permit Plaintiff's expert to revisit the site and determine the extent to which the issues raised by Plaintiff's expert report have been resolved. Defendants request that the parties be afforded the opportunity to prepare and submit a stipulation to that effect before the Court disposes of the instant application.

In the event that this matter cannot be resolved as proposed above, and as the Order requires Defendants to submit an application, Defendants respond to the Order below. In sum, Defendants submit that expert discovery has not concluded, and that Defendants would suffer extreme prejudice were they not permitted to proceed with expert discovery, while Plaintiff would suffer no prejudice were that discovery to proceed.

Hon. Sanket J. Bulsara
October 22, 2020
Page 2

Defendants' view is that the parties' time to complete expert discovery has not expired. No trial date has been set in this matter. Rule 26 states that, absent a contrary stipulation or court order, a party must disclose its expert testimony 90 days before trial. *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 63 (E.D.N.Y. 2007) (parties are not required to disclose expert witnesses until the court has set a date by which expert reports, disclosures and discovery must be provided). Here, the Court did not set a separate date for expert reports, disclosure and discovery. Rather, on May 18, 2020 the Court set one date (September 30, 2020) for all discovery to be completed after the parties had requested extensions of the separate dates for completion of fact and expert discovery (ECF No. 35), as the Court had done previously (5/18/20 ECF Dkt Entry).[1]

During a September 15, 2020 status conference, when Defendants' counsel disclosed that circumstances might require them to seek leave to withdraw, the Court stayed all discovery for 30 days, until October 15, 2020, which extended until October 30, 2020 the deadline to complete all discovery (9/15/20 Dkt Entry). Before that stay, pursuant to the discovery schedule set by this Court, Defendants understood – or in the Court's view apparently misunderstood - that they had until September 30, 2020 to make expert disclosures. Then, in the October 15, 2020 status conference, this Court extended the discovery deadline to November 16, 2020 (10/15/20 Dkt Entry). Accordingly, Defendants understood that they would have until November 16, 2020 to complete expert discovery. However, when Defendants stated on October 15 that they would make expert disclosures, Plaintiff objected, and the Court's Order directed that Defendants explain why they should be "permitted" to make those disclosures. Thus, the instant application.

On October 15, 2020, just before the Court conference, Defendants' counsel was authorized by Defendants to retain an expert. They promptly disclosed that Dominic Marinelli would be a fact and expert witness in their Amended Initial Disclosures that same day. FRCP 26(E) required Defendants to supplement their Rule 26 Disclosures, which they did. Mr. Marinelli will produce a report that Defendants plan to disclose by October 30, 2020. This will enable Plaintiff to depose Mr. Marinelli by the current November 16, 2020 deadline. If Plaintiff needs more time to take that deposition, Defendants will not object. Plaintiff thus cannot argue that she is prejudiced by Defendants' allegedly "late" expert disclosures. See *In re Fosamax Products Liability Litigation*, 647 F. Supp. 2d 265, 281 (S.D.N.Y. 2009) ("no need to resort to the extreme sanction of precluding . . . important [expert] evidence" where Plaintiffs could cure prejudice by deposing expert). In fact, to date, Plaintiff has not deposed any of Defendants' previously disclosed fact witnesses. Those depositions are scheduled for October 29, 2020.

Defendants ask that on this application the Court also consider the procedural history of this matter for the context and explanation for the timing of Defendants' expert disclosures.

---

[1] Prior to this order, expert discovery was previously scheduled to close approximately 60 days after the conclusion of fact discovery. See ECF Dkt Entries 5/21/19, 6/20/19, 8/26/19, 10/24/19, 11/26/19. On 2/21/20, expert discovery was scheduled to close approximately 30 days after the conclusion of fact discovery.

On April 4, 2018, Defendants answered Plaintiff's original January 5, 2018 complaint, which was later amended. Prior to fact discovery, the parties and the Court agreed that Plaintiff would make its expert inspection and report to aid in an early resolution of this matter through mediation. On May 2, 2018, this Court issued an order referring the case to mediation and setting a May 30, 2018 deadline for Plaintiff to provide its expert report. Consistent with the May 2, 2018 conference discussion, Defendant's response was to state what remediation of the issues identified in Plaintiff's expert report they could complete. *See* 5/2/18 Transcript at 10 – 11 (ECF No. 14). Defendants informed the Court that for financial reasons, in an attempt to save money, they had not hired an expert and that instead Defendants' in-house personnel would photograph the physical remediation that was done. *See id.* at 6. Expert discovery was to proceed in this manner as a creative solution for the parties to reduce their costs and focus on settlement.

Unfortunately, the ensuing July 24, 2018 mediation was unsuccessful, so on August 27, 2018 a settlement conference was scheduled for November 1, 2018, adjourned to March 19, 2019, but then converted to a status conference after the settlement conference did not resolve the case. The first full discovery schedule was entered on April 3, 2019, which set the close of fact discovery for May 31, 2019 and the close of all discovery for July 31, 2019. Plaintiff then served an amended complaint on June 19, 2019, which Defendants answered on July 19, 2019. There ensued successive joint requests to extend discovery deadlines. When a party requests an extension before the time period has expired, the district court usually will be liberal in granting the request. *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019) (extensions sought before deadline should be granted absent bad faith or prejudice to another party). This Court was consistently cooperative with the parties' joint requests. Defendants assumed that these mutual courtesies would continue with the Court's blessing.

Here, the parties jointly moved to extend fact and expert discovery on numerous occasions, granted by the Court. See Dkt. Nos. 24, 25, 31, 32, 35. Defendants noticed Plaintiff to be deposed multiple times, including in 2020, prior to the COVID-19 pandemic and adjourned her deposition at Plaintiff's request. Unfortunately, due to the COVID-19 pandemic, the site at issue in this case was closed in March 2020, which stopped fact discovery and caused Defendants to defer considering the retention of an expert to visit the site. In addition, the parties were engaged in a discovery dispute which Defendants' informed the Court about on May 20, 2019. See Dkt. 24. The discovery dispute involved Plaintiff's failure to timely provide documents and HIPAA authorizations delaying Plaintiff deposition which did not occur until September 3, 2020. That deposition was adjourned before completion for lack of Plaintiff's medical records, which are the subject of Defendants' pending motion to compel.

The issues raised by Defendants during the September 15, 2020 status conference resulted in a stay of this action.[2] Defendants' counsel were not authorized to retain an expert until October 15, 2020 and then promptly informed the Court of this during the October 15, 2020 status call.

---

[2] As discussed during the status conference, counsel was considering the need to withdraw from this case. Prior to Your Honor's September 15, 2020 order staying this case, we had ceased further work on this matter including discovery as we conferred with our client to resolve the pending issues that would have resulted in a withdrawal.

Hon. Sanket J. Bulsara
October 22, 2020
Page 4

While Plaintiff argues that Defendants' expert disclosure 15 days before the scheduled close of discovery is untimely, it should not preclude Defendants from using an expert, as the sanction of preclusion is a "drastic remedy." *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-CV-11295(CBM), 2003 WL 22471909, at *1 (S.D.N.Y. Oct. 31, 2003). Even in the face of missed deadlines, "excluding expert testimony can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." Id. The drastic remedy plaintiff seeks is not warranted here. *See Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order) ("The district court recognized that defendants' late disclosure of their expert violated its expert discovery deadline. But rather than preclude the testimony, the court opted to impose the lesser sanction of requiring defendants to produce their expert for a deposition at Valentin's request. The court's decision to impose a less drastic sanction than preclusion was within its discretion.").

If the Court takes the position that expert discovery is closed, then Defendants respectfully request that expert discovery be reopened to permit its completion. Courts in this District have adopted a six-part test for motions to open discovery. *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-0776 (DRH)(AKT), 2008 U.S. Dist. LEXIS 73293, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008). The factors are: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *Id.*

All six *Pharmacy, Inc.* factors weigh in Defendants' favor. No trial date has been scheduled and Plaintiff now favors continuing expert discovery. Defendants would suffer severe prejudice if they were precluded from having their expert report and testify about the current state of the subject premises, its compliance with the ADA and Defendants' response to Plaintiff's expert report. By contrast, Plaintiff would suffer no prejudice, because she will still have the chance to depose Defendants' expert and re-inspect the site. Should Plaintiff need additional time to depose Defendants' expert, Defendants will not object. *Torres v. Dematteo Salvage Co. Inc.*, 2016 U.S. Dist. LEXIS 26439, 2016 WL 845326, at *5 (E.D.N.Y. Mar. 2, 2016) (collecting cases affirming the proposition that "any prejudice to the opposing party can be alleviated by allowing them to depose the expert prior to trial."). Plaintiff has not even deposed Defendants' fact witnesses, who are now scheduled to be deposed on October 29.

As to the fourth and fifth *Pharmacy, Inc.* factors, Defendants did not act in bad faith, and no facts suggest otherwise. As discussed above, Defendants stated from the outset that they preferred to resolve this matter without spending the money to hire an expert, by remediating issues raised by plaintiff's expert to the extent remediation was required. To that end, they engaged in mediation in 2018 and in 2019 in a settlement conference with the Court. When those settlement efforts were unsuccessful, Defendants took the extraordinary step of making an offer of judgment to Plaintiff in February 2020 to which Plaintiff did not respond until rejecting it on May 14, 2020, after the COVID pandemic shuttered Defendants' premises and compounded the money-losing economics of operating the site. Defendants thus deferred consideration of retaining an expert in

the hope that Plaintiff would accept their offer of judgment. During 2020, Defendants have been unable to spare the resources to defend this action, including the cost of an expert. Perhaps unwisely, Defendants' counsel presumed that opposing counsel and the Court would understand these circumstances and if necessary extend any applicable deadlines to allow Defendants to defend the case when their economic circumstances permitted, given the COVID pandemic.

As to the sixth *Pharmacy, Inc.* factor, Defendants' expert witness's report and testimony may be critically important because in this ADA Title III case the issue is the state of the site. Defendants' expert will testify about that and respond to Plaintiff's expert report. This could moot Plaintiff's ADA claims. Defendants' expert report and testimony thus will be highly relevant evidence.

In the circumstances described above, pursuant to *Pharmacy, Inc.*, the drastic remedy of preclusion is not warranted here. If expert discovery is still open and more time is needed to complete it, Defendants respectfully request it. If expert discovery is closed, Defendants request that it be reopened. See also *Torres v. Dematteo Salvage Co., Inc.*, No. 14-CV-0774 (ADS)(AKT), 2016 U.S. Dist. LEXIS 26439, 2016 WL 845326, at *6 (E.D.N.Y. Mar. 2, 2016) (reopening discovery for a limited purpose, despite defendants' delay in disclosing expert witness); *Sci. Components Corp. v. Sirenza Microdevices*, No. 03-CV-1851 (NGG)(RML), 2008 U.S. Dist. LEXIS 92703, 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (finding that precluding expert testimony would have been unduly harsh under the circumstances).

Defendants implore this Court to accept the parties' proposed resolution of this issue and allow them to designate an expert, make expert disclosures and complete expert discovery within the current discovery schedule or, if necessary, extend that discovery through November 30, 2020.

We thank the Court for considering this request.

Respectfully,

*/s/Eric D. Witkin*

Eric D. Witkin

cc: Glen Parker, Attorney for Plaintiff (via ECF)
     Adam Hanski, Attorney for Plaintiff (via ECF)
     Robert Hanski, Attorney for Plaintiff (via ECF)