# EXHIBIT "4"

LITTLER MENDELSON, P.C.
Eric D. Witkin
900 Third Avenue
New York, New York 10022
(212) 583-9600
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLY IRISH,

                 Plaintiff,

        -against-

TROPICAL EMERALD LLC AND CHAPS, INC.,

                 Defendants.

18 CV 00082 (PKC) (SJB)

**DEFENDANTS' OBJECTIONS
AND RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR DOCUMENTS**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, this Court's Local Civil Rules and this Court's August 27, 2018 conference with the parties (ECF No. 17), and subject to the parties' November 2, 2019 Confidentiality Stipulation, Defendants Tropical Emerald LLC ("Tropical") and Chaps, Inc. ("Chaps") (collectively "Defendants"), by their counsel, Littler Mendelson, P.C., submit these Objections and Responses ("Responses") to Plaintiff's First Request for Documents dated September 5, 2018 (the "Requests") as follows:

<u>**GENERAL CONDITIONS FOR RESPONSES**</u>

The Responses set forth herein are made without waiving the following:

1.      Defendants do not waive any objections to the Responses based on relevance, materiality, competency, privilege immunity from disclosure, admissibility, or any other grounds.

2.      The Responses to the Requests are made solely for the purpose of this lawsuit and for no other purpose.

3.    Defendants reserve the right to revise, correct, add to or clarify any of the Responses set forth herein at any subsequent stage of this lawsuit.

4.    Defendants object to each and every definition in the Requests to the extent that they purport to impose on Defendants obligations that are broader in scope or more burdensome, or to respond or supplement Responses beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of this Court, this Court's August 27, 2018 directions, or to the extent they impose obligations of disclosure that exceed the scope permissible by law.

5.    The following Responses are based on information presently available to Defendants, and no incidental or implied admissions are intended hereby.  That Defendants have responded to part or all of any of the Requests is not intended and shall not be construed as a waiver by Defendants of any objection thereto.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Document Request No. 1.:** Copies of all leases for the Property, including all i) modifications, amendments, riders, schedules, exhibits, annexes, indemnities, guarantees, letters or side agreements to any lease; ii) landlord work, tenant improvement/tenant work allowance letters or agreements, rent abatement and other contribution/concession letters or agreements to any lease; iii) Drawings and photographs that are part of or related to any lease; and iv) policies of insurance (including any commercial general liability and business interruption insurance policies required by any lease.)

## OBJECTIONS and RESPONSE:

Defendants object to Request No. 1 as overly broad in number, scope and time, not relevant to the claims and defenses or the narrow issue for settlement as reflected in ECF No. 17 and thus unnecessarily burdensome, except that Tropical will produce leases showing the rent paid by Rainbow Shop during the period covered by this action, including a photograph attached as an exhibit to the lease (see documents Bates numbered D 001-62 produced herewith).  In any event, Chaps has no responsive documents.  Defendants object to producing insurance policies as irrelevant.

2

**Document Request No. 2.:** Copies of documents concerning any renovations, remodeling, rehabilitation, Alteration, or construction performed at the Property from January 1, 1992 to date, inclusive of renovations, remodeling, rehabilitation, Alteration, or construction performed at the Property which relate to NYC Department of Buildings Job Numbers 301887732 and 320176796, including all site surveys, work letters, construction schedules, construction budgets (proforma and actual), construction progress documents, construction documents, Drawings, contracts with architects and other design professionals, contracts with contractors and vendors, monetary amounts billed and/or paid, and work orders.

**OBJECTIONS and RESPONSE:**

Defendants object to Request No. 2 as overly broad in number, scope and time, not relevant to the defenses and the narrow issue remaining for settlement as reflected in ECF No. 17 and thus unnecessarily burdensome, except that Tropical will produce leases showing the rent paid by Rainbow Shop (see documents Bates numbered D 001-62 produced herewith) and will produce other documents responsive to Request No. 4 below.  In any event, Tropical Emerald has no responsive documents for alterations done during last six years other than work done after the Complaint in this action was filed, and Chaps has no responsive documents.  Defendants object to producing documents relating to NYC Department of Buildings job numbers as irrelevant and burdensome.

**Document Request No. 3.:** Copies of documents concerning each of the following "defenses" asserted by defendant: i) "readily achievable" defense and all the factors identified in 42 U.S.C. 12181(9) pertaining to such defense; ii) "undue hardship" defense and all the factors identified in Section 8-102 of the NYC Administrative Code pertaining to such defense; iii) "undue burden" defense; iv) "fundamental alteration" defense; v) "technically infeasible" defense; and vi) defense that there would be "a significant loss of the access to the facility", including copies of defendant's tax returns for past three years, inclusive of all schedules; profit and loss statements for past three years; the administrative and/or fiscal relationship between the defendant and any parent corporation or entity, or any subsidiary corporation or entity, since 1992; and the overall financial resources, and the overall size of, the defendant's parent corporation or investor entities, or any subsidiary corporation or entity, since 1992.

**OBJECTIONS and RESPONSE:**

Defendants object to Request No. 3 as overly broad in number, scope and time, not relevant to the defenses and the narrow issue remaining for settlement as reflected in ECF No. 17

3

and thus unnecessarily burdensome, except that Tropical will produce leases showing the rent

paid by Rainbow Shop (see documents Bates numbered D 001-62 produced herewith) and will

produce other documents responsive to Request No. 4 below including the annual profit and loss

statement(s) for Rainbow Shop (see D 0063 produced herewith).  Tropical's tax returns do not

show profit or loss at the Rainbow Shop and, upon information and belief no tax returns are

prepared or filed specifically showing profit or loss at the Rainbow Shop.  Defendants

specifically object to any request for documents concerning the overall financial resources, size

or other information concerning Tropical and its affiliates as irrelevant to the narrow issue

remaining for settlement.  In any event, Chaps has no responsive documents.  Defendants object

to Request No. 3 insofar as it calls for expert opinion and analysis.  Documents concerning

Defendants' defenses may be prepared in connection with settlement discussions and/or expert

discovery.

**Document Request No. 4.:** Copies of documents concerning the impact on the defendant from making all the Pathways in Rainbow Shop compliant with sections 403.5.1 and 403.5.2 of 2010 Standards for Accessible Design and the NYC Access Standards, including all Drawings estimates, analyses, feasibility studies, inspection reports, audits or reviews and correspondence related thereto.  Examples of "impact" include but are not limited to any perceived effect that providing Pathways in Rainbow Shop compliant with sections 403.5.1 and 403.5.2 of the 2010 Standards for Accessible Design and the NYC Access Standards may have on each of defendant's and Rainbow Shop's profits and/or losses, income and expenses, sales volume (per annum, per square foot) the amount and diversity of merchandise on Rainbow Shop's sales floor (per floor), merchandise display practices at Rainbow Shop, and the amounts of any payment of rent (including percentage rent and additional rent) for Rainbow Shop.

**OBJECTIONS and RESPONSE:**

See objections and response to Request No. 3 above, incorporated here by reference.

Defendants have no documents at this time which analyze "the impact on the defendant from

making all the Pathways in Rainbow Shop compliant . . . ."  Such documents may be prepared in

connection with settlement discussions and/or expert discovery.

**Document Request No. 5.:** Copies of documents concerning Moveable Merchandise Displays

4

Fixed Merchandise Displays, and other trade fixtures in Rainbow Shop including i) any corporate policies, procedures, practices, standards, memoranda, guidelines, instructions or directives concerning the use of Moveable Merchandise Displays, Fixed Merchandise Displays, and other trade fixtures; ii) the number, layout, and spacing of Moveable Merchandise Displays, Fixed Merchandise Displays, and other trade fixtures at Rainbow Shop, including any minimum widths required between Moveable Merchandise Displays, Fixed Merchandise Displays, and other trade fixtures in Rainbow Shop; and iii) the location and display of different merchandise categories on different areas of the Rainbow Shop sales floor and the Moveable Merchandise Displays, Fixed Merchandise Displays, and other trade fixtures located in such sales floor areas, including the income and expenses, sales revenues (per annum/per sales floor area, and per annum/per Moveable Merchandise Display, Fixed Merchandise Display, and other trade fixtures located in such sales floor areas) at Rainbow Shop.

**OBJECTIONS and RESPONSE:**

See objections and response to Request No. 3 above, incorporated here by reference. In any event, Defendants have no policies concerning moveable fixtures responsive to this Request.

Dated: New York, New York
      November 5, 2018

                                    LITTLER MENDELSON, P.C.

                                    By:___/s/ Eric D. Witkin_____
                                        Eric D. Witkin
                                    900 Third Avenue
                                    New York, New York 10022.3298
                                    212.583.9600
                                    Attorneys for Defendants