UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KELLY IRISH,

                Plaintiff,

                                             **ORDER**
                                             18-CV-0082-PKC-SJB

        -against-

TROPICAL EMERALD LLC, CHAPS, INC., and
RAINBOW USA, INC.,

                Defendants.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Defendants have moved to compel Plaintiff to provide signed authorization for her medical records.  (Mot. to Compel dated Sept. 11, 2020 ("Mot."), Dkt. No. 36).  The motion is denied.  Defendants' discovery requests never asked Plaintiff to execute a signed authorization for such records.  (Pl.'s Response in Opp'n to Mot. to Compel dated Oct. 22, 2020 ("Opp'n"), Dkt. No. 38 at 1).  Instead, Defendants sought either records in Plaintiff's possession or names of Plaintiff's medical providers.  (*Id.* at 2).  While it could be a potential remedy for violation of a motion to compel to force Plaintiff to sign authorizations, there has been no order directing Plaintiff to provide such records or information with which she has failed to comply.  And as such, the remedy would be inappropriate.  But in any event, it would be inappropriate to compel Plaintiff to produce such information and records.  For one thing, it appears that Defendants do not dispute Plaintiff's physical disability.  (*Id.* at 1).  If that is the case, there is no reason for the access to medical records about her current disability.  Indeed, Defendants already have records about her physical disability from a treating professional.  (*Id.*)  It appears

that Defendants are seeking—though they do not ever take a definite position—only mental health records and medical records that contain mental health or other information pertinent to emotional distress damages. (Mot. at 2). Defendants have no right to access such records. By seeking only garden variety emotional distress damages—which Plaintiff confirmed in writing—Plaintiff has limited Defendants' access to such records.

This Court, as other courts have long held,

> reject[s] the notion that plaintiff's demand for emotional-distress damages necessarily triggers a waiver of the privilege for her psychotherapy records. To take a prototypical example, if a plaintiff is the victim of a defendant's misconduct, and she asserts that she suffered emotional distress as a result, she may well be seeking compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized. In such a circumstance, the fact that the plaintiff is in treatment for a condition unrelated to the distress that was triggered by the misconduct does not, by itself, provide a basis for suggesting either that the treatment is in issue as a result of the plaintiff's claim or that access to treatment records is in any sense necessary or even significant for evaluating such a claim.

*Greenberg v. Smolka*, No. 03-CV-8572, 2006 WL 1116521, at *8 (S.D.N.Y. Apr. 27, 2006). "[I]f the plaintiff has assertedly suffered more severely from exposure to the tortious act than a healthy person would have been expected to suffer, that emotional distress may be attributable, at least in part, to other causes, and those other causes may be reflected in the treatment records." *Id.* But "where the plaintiff seeks 'garden variety' emotional damages—which is to say, damages limited to the typical negative emotional impact on the plaintiff that obviously flow from the defendant's alleged misconduct—the privilege remains intact and is not waived." *Caine v. Burge*, No. 11-CV-8996, 2012 WL 6720597, at *3 (N.D. Ill. Dec. 27, 2012) (collecting cases). For these reasons, Defendants' motion to compel is denied.

SO ORDERED.


*/s/ Sanket J. Bulsara* December 16, 2020

SANKET J. BULSARA

United States Magistrate Judge



Brooklyn, New York