EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KELLY IRISH,

                    Plaintiff,

                                                      **ORDER**
                                                      18-CV-0082-PKC-SJB

          -against-

TROPICAL EMERALD LLC, CHAPS, INC., and
RAINBOW USA, INC.,

                    Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Pursuant to the agreement of the parties, the Court orders as follows: expert discovery shall proceed in this case for both sides and be completed by March 1, 2021. The parties shall stipulate to, and submit to the Court for approval, a final schedule for expert discovery that would include the Defendants' expert disclosures, Plaintiff's supplemental expert report, and depositions of the parties' respective experts. The Court, therefore, overrules Plaintiff's objection to Defendant's expert report and any objection to supplementation by Plaintiff's expert. The stipulation should be provided to the Court by December 30, 2020.

       The preceding applies only to expert discovery. That leaves the dispute between the parties as to two individuals listed as fact witnesses.

       Both Steven Fordyce and Dominic Marinelli were disclosed as fact witnesses in Defendants' October 22, 2020 supplemental disclosures. (Pl.'s Mot. to Strike Defs.' Supplemental Disclosures dated Oct. 29, 2020 ("Pl.'s Mot."), Dkt. No. 41 at 1; Response in Opp'n re Mot. to Strike Defs.' Supplemental Disclosures, dated Nov. 4, 2020 ("Defs.'

Opp'n"), Dkt. No. 46 at 1).  Neither may testify as or submit evidence as a fact witness in this case.

A party does not get free reign to amend a Rule 26 disclosure at any time, without limitation.  "A party must make its initial disclosures based on the information then reasonably available to it."  Fed. R. Civ. P. 26(a)(1)(E).  And while a party must supplement initial disclosures when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," *id. r.* 26(e)(1)(a), that requirement is not a "loophole" that can be used to otherwise avoid making a timely Rule 26(a)(1) disclosure, *Zuppardi's Appizza, Inc. v. Tony Zuppardi's Appiza, LLC*, No. 10-CV-1363, 2012 WL 13034190, at *1 (D. Conn. Mar. 30, 2012).  At bottom, "[a] party is not excused from making its disclosures because it has not fully investigated the case[.]"  Fed. R. Civ. P. 26(a)(1)(E).  Here, a Rule 26(a)(1) disclosure was due by May 16, 2018.[1]  At a status conference on May 18, 2020, Defendants represented that the only outstanding fact discovery were a number of limited depositions: Defendants' deposition of Plaintiff and Plaintiff's deposition of some of Defendants' previously disclosed witnesses.  To the extent the Court extended the time to take fact discovery, it was for this limited purpose.  (*See* Tr. of Proceedings Held on Oct. 15, 2020, before Judge Bulsara, dated Oct. 20, 2020 ("Tr."), Dkt. No. 37 at 7 ("This was not even in the realm of discussion in the month preceding. The sole purpose of closing discovery was to finish potentially the plaintiff's deposition,

---

[1] The Court held an Initial Rule 26(f) Conference on May 2, 2018.  As such, Rule 26(a)(1) disclosures were due no later than May 16, 2018.  Fed. R. Civ. P. 26(a)(1)(C).

which was going to be brief, and the deposition of the two other -- of the two defendants'
witnesses.")).

Defendants' explanation for the belated disclosure was that during the deposition
preparation of one of those witnesses (a Mr. Hersch), defense counsel realized the need
to find another fact witness to discuss certain conditions at Defendants' store. (Defs.'
Opp'n at 2). This preparation took place at some point in October 2020—years after the
case was filed and well after Rule 26(a)(1) disclosures were due. There is no reason
proffered—and none the Court can discern—for failing to make adequate investigation
and disclose this fact witness well before October 2020.

This violation of Rule 26(a)(1)—the untimely disclosure of a fact witness—triggers
a Rule 37 sanction. "Rule 37(c)(1) gives teeth to [the disclosure] requirements by
forbidding the use at trial of any information required to be disclosed by Rule 26(a) that
is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,
1106 (9th Cir. 2001). This automatic remedy is one that is appropriate here.[2] *See* Fed.
R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as
required by Rule 26(a) or (e), the party is not allowed to use that information or witness
to supply evidence on a motion, at a hearing, or at a trial, unless the failure was
substantially justified or is harmless."). "The language of Rule 37(c)(1) provides two

---

[2] "The sanction is automatic in the sense that there is no need for the opposing
party to make a motion to compel disclosure, as authorized by Rule 37(a)(3)(A) in order
to compel a further disclosure, as a predicate for imposition of the sanction of
exclusion." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 2289.1 (3d ed. 2020). Rule 37 "provides that if an appropriate motion is made and a
hearing has been held, the court does have discretion to impose other, less drastic,
sanctions." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006).

exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is ['substantially justified'] and (2) when the nondisclosure is 'harmless.'"  *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)(1)).  And,

> "for a party to show that a failure to make adequate Initial Disclosures was substantially justified, it must establish that there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance.  Likewise, where there is no prejudice to the other party, any violation is deemed harmless within the meaning of the rule."

*Imig, Inc. v. Omi Electric Appliance Co., Ltd.*, No. 16-CV-628, 2020 WL 7078583, at *4 (E.D.N.Y. Nov. 30, 2020) (internal quotations and citations omitted).  As explained, there is no adequate justification for what can only be described as a late Rule 26(a) disclosure.  Fordyce was not disclosed in a timely fashion, well after the time for fact discovery had passed.  As for prejudice, it exists aplenty.  Plaintiff is entitled to a timely prosecution and resolution of his claims; that requires both parties to abide by Court deadlines.  When fact witnesses are disclosed well after fact discovery has closed it changes the trajectory of a case; here, Plaintiff's expert will have to adjust his findings to account for the new witnesses' testimony.  And it will occasion—with the attendant time and expense—of taking the deposition of another witness.  Such prejudice—delay, cost, and a moving target of a defense—cannot be alleviated by Defendants' offer to reopen discovery and permit the additional depositions.

As such, Fordyce is stricken as witness; his testimony, in any form, may not be relied upon by Plaintiff during summary judgment or trial.  *See, e.g.*, *Faure v. Las Cruces Med. Ctr., LLC*, No. 14-CV-559, 2017 U.S. Dist. LEXIS 150358, at *4–*11

(D.N.M. Sep. 15, 2017) (excluding witnesses disclosed after the close of discovery); *Hampton v. Allstate Corp.*, No. 13-CV-0541, 2014 WL 1569239, at *6–*9 (W.D. Wash. Apr. 18, 2014) (excluding damages disclosed for the first time at plaintiff's deposition, less than one week prior to the close of discovery, finding such disclosures "untimely").

As to Marinelli, he stands on the same footing—a fact witnesses disclosed belatedly, without adequate justification, and whose presence prejudices Plaintiff. And, therefore, the same result is appropriate: he may not testify as a fact witness. (Evidently, he is also listed as an expert witness for Defendants, (*see* Defs.' Opp'n at 3), and therefore is subject to the stipulation between the parties related to expert discovery).

There remains one final issue: whether analyses prepared by two employees prepared on October 28, 2020 should be stricken. (*See* Pl.'s Mot at 1). The analysis is an opinion proffered by Defendants' employees. It is a "financial . . . impact[]" statement on the Defendants' "removal of merchandise that would be necessitated by creating 36-inch-wide aisles" around the merchandise. (Pl.'s Mot. at 2; Email from Defs.' Counsel dated Oct. 28, 2020, attached as Ex. 3 to Pl.'s Mot.). It was produced well after this case was filed; was prepared ostensibly solely for the purpose of litigation, as opposed to in the ordinary course of Defendants' operations; and provided opinion testimony, not factual recitations. To the extent that this or similar analysis is part of an expert report or testimony, under the proposed schedule between the parties, such analysis is fair game. On the other hand, given its provenance and its content, no fact witness could proffer the document or testify (either for summary judgment or trial) about it for two reasons. First, while lay witnesses may give opinion testimony, such testimony must "rationally based on the witness's perception" and "not based on

scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(a) & (c). "[L]ay opinion must be the product of reasoning processes familiar to the average person in everyday life. . . . The purpose of this final foundation requirement is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in [Fed. R. Evid.] 702 and the pre-trial disclosure requirements set forth in Fed. R. Crim. P. 16 and Fed. R. Civ. P. 26." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005). The document is clearly not lay witness testimony and, therefore, could not be offered by a fact witness. *Cf.*, *e.g.*, *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223, 2018 WL 5891494, at *5 (S.D. Fla. Nov. 9, 2018) ("Because Mr. Ayala rendered an expert opinion based on his specialized knowledge of design and construction and Defendants failed to disclose him as an expert witness, Plaintiff's motion in limine to exclude Mr. Aya's spreadsheets and testimony related to the specific valuations of the construction work that Plaintiff completed is granted." (emphasis omitted)); *Smith v. Sears Roebuck & Co.*, No. CV-04-1271, 2006 WL 8436212, at *1 (W.D. Okla. Jan. 9, 2006) ("[P]laintiff should understand that Mr. Berman's testimony will be strictly limited to that which a true 'fact' witness could offer. That might include, for example, testimony that a particular photo or videotape accurately reflects the layout and condition of the opener or garage at a particular time. However, testimony about an investigation that he conducted, or his analysis of how a particular opener operated, or what the 'compression forces' were, strike the Court as expert, rather than 'fact' testimony, and would be excluded. . . . [E]xpert testimony will not be permitted from Mr. Berman in the circumstances of this case."). And even if the opinions contained in the document were proper lay witness opinions of a fact witnesses, the failure to disclose

it during the fact discovery phase of the case, in response to document requests that asked for such documents, would require it to be stricken.

SO ORDERED.

/s/ *Sanket* J. Bulsara December 23, 2020

SANKET J. BULSARA

United States Magistrate Judge

Brooklyn, New York