UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLY IRISH,

               Plaintiff,

      v.

TROPICAL EMERALD LLC AND RAINBOW USA,
INC.,

             Defendants.

18 CV 00082 (PKC)(SJB)


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR RECONSIDERATION


Eric D. Witkin
Rebecca Goldstein
900 Third Avenue
New York, New York 10022
212.583.9600
Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

I.  PRELIMINARY STATEMENT ................................................................................ 1

II.  RELEVANT FACTS ........................................................................................... 3

III.  STANDARD OF REVIEW ................................................................................ 5

IV.  LEGAL ARGUMENT ...................................................................................... 6

    A.  THE ORDER ERRONEOUSLY FOUND THAT THE DOCUMENTS
        AND THE WITNESS WERE UNTIMELY DISCLOSED ................................. 8

    B.  IN ERROR, THE COURT OVERLOOKED EVIDENCE PIVOTAL TO
        PLAINTIFF'S MOTION TO STRIKE ........................................................ 10

    C.  THE ORDER IMPROPERLY STRUCK THE DOCUMENTS AT ISSUE
        WITHOUT REVIEWING THEM OR ANY TESTIMONY ABOUT
        THEM AND THUS LACKED AN APPROPRIATE RECORD TO
        REVIEW ................................................................................................ 12

    D.  THE DOCUMENTS AT ISSUE ARE NOT BEING OFFERED AS
        IMPROPER LAY WITNESS OPINION TESTIMONY ................................. 12

        i.  The Documents Were Properly Disclosed in Accordance With
            Plaintiff's Deposition Notice ................................................... 13

        ii.  Mr. Hersch's Analysis Was Created on October 28, Inter Alia, to
            Refresh His Recollection and Was Timely Disclosed Pursuant to
            FRE 612 ................................................................................. 13

        iii.  The Order Improperly Preemptively Struck the Documents
            Without Reviewing Them Thereby Overlooking Them. ........................ 14

V.  CONCLUSION .................................................................................................. 17

APPENDIX A ........................................................................................................... 18

APPENDIX B ........................................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*,
   No. 17-24223-CIV-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 192103
   (S.D. Fl. Nov. 9, 2018)..................................................................................................15, 16

*Boyde v. Monroe Cnty.*,
   No. 08-CV-6242, 2011 U.S. Dist. LEXIS 108452 (W.D.N.Y. 2011) ....................................10

*Capricorn Mgmt. Sys. v. Gov't Emples. Ins. Co.*,
   No. 15-cv-2926 (DRH)(SIL), 2019 U.S. Dist. LEXIS 123723 (E.D.N.Y. July
   22, 2019) .................................................................................................................................7

*Cargill, Inc. v. Sears Petroleum & Transp. Corp.*,
   334 F. Supp. 2d 197 (N.D.N.Y. 2004) ..............................................................................7, 10

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006)...................................................................................................8

*Ehrlich v. Howe*,
   848 F. Supp. 482 (S.D.N.Y. 1994).......................................................................................14

*Emilio v. Sprint Spectrum L.P.*,
   No. 11-CV-3041 (JPO)(KNF), 2017 U.S. Dist. LEXIS 36924 (S.D.N.Y. Feb.
   1, 2017) ...................................................................................................................................9

*Espiritu v. Hartman*,
   No. 16-CV-04623 (CBA) (SJB), 2020 U.S. Dist. LEXIS 3054 (E.D.N.Y. Jan.
   8, 2020) .................................................................................................................................12

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   43 F. Supp.3d 369 (S.D.N.Y. 2014).......................................................................................5

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   756 F.2d 230 (2d Cir. 1985).................................................................................................11

*In re Kellogg Brown & Root, Inc.*,
   796 F.3d 137 (D.C. Cir. 2015) .............................................................................................14

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
   729 F.3d 99 (2d Cir. 2013).....................................................................................................5

*LaMonica v. CEVA Grp. PLC (In re CIL Ltd.)*,
   No. 13-11272-JLG, 2019 Bankr. LEXIS 1179 (U.S. Bank. Ct. S.D.N.Y. Apr.
   8, 2019) .................................................................................................................................12

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Lee Valley Tools Ltd. v. Indus. Blade Co.*,
   288 F.R.D. 254 (W.D.N.Y. 2013)........................................................................7

*Lodge v. United Homes, LLC*,
   787 F. Supp. 2d 247 (E.D.N.Y. 2011) ................................................................7

*Magee v. Paul Revere Life Ins. Co.*,
   172 F.R.D. 627 (E.D.N.Y. 1997)......................................................................14

*Pollack v. Safway Steel Prods.*,
   No. No. 03 Civ. 4067 (WCC), 2007 U.S. Dist. LEXIS 24746 (S.D.N.Y. Mar.
   30, 2007) .........................................................................................................7, 10

*Preuss v. Kolmar Laboratories, Inc.*,
   970 F. Supp. 2d 171 (S.D.N.Y. 2013)..................................................................9

*Redvanly v. NYNEX Corp.*,
   152 F.R.D. 460 (S.D.N.Y. 1993) ......................................................................14

*Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*,
   280 F.R.D. 147 (S.D.N.Y. 2012) .....................................................................7, 8

*Robbins & Myers, Inc. v. J.M. Huber Corp.*,
   274 F.R.D. 63 (W.D.N.Y. 2011).....................................................................6, 11

*Safespan Platform Sys. Inc. v. EZ Access, Inc.*,
   No. 06CV726A, 2011 U.S. Dist. LEXIS 154113 (W.D.N.Y. 2011).................10

*Sec. & Exch. Comm'n v. CKB168 Holdings Ltd.*,
   No. 13 CV 5584, 2016 U.S. Dist. LEXIS 63568 (E.D.N.Y. May 13, 2016)...........9

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)..................................................................................5

*Smith v. Sears Roebuck & Co.*,
   No. CIV-04-1271-HE, 2006 U.S. Dist. LEXIS 117585 (W.D. Ok. Jan. 9,
   2006) .................................................................................................................16

*Torres v. Dematteo Salvage Co. Inc.*, No. 14-cv-774,
   2016 U.S. Dist. LEXIS 26439 (E.D.N.Y. Mar. 2, 2016)......................................7

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*,
   182 F.R.D. 97 (S.D.N.Y. 1998) ..........................................................................5

*United States v. Galanis*,
   758 Fed. Appx. 71 (2d Cir. 2018) .....................................................................15

ii.

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*United States v. Garcia,*
   413 F.3d 201 (2d Cir. 2005) ......................................................................15

*United States v. Thornhill,*
   667 Fed. Appx. 310 (2d Cir. 2016) ............................................................15

**Statutes**

Americans with Disabilities Act ........................................................................1

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)(A)(ii) ..........................................................................6

Fed. R. Civ. P. 26(e)(1)(A) ...............................................................................6

Fed. R. Civ. P. 59(e) ..........................................................................................5

Fed. R. Civ. P. 60(b) ..........................................................................................5

Fed. R. Civ. P. 30(c) ........................................................................................14

Fed. R. Evid. 612 ........................................................................................13, 14

Local Civil Rule 6.3 ...........................................................................................5

Rule 26 ...............................................................................................6, 8, 14

Rule 26(a) .....................................................................................................6, 8

Rule 26(e) ...................................................................................................6, 11

Rule 37(c)(1) ...............................................................................4, 6, 7, 8, 12

## I.      PRELIMINARY STATEMENT

Defendants Rainbow USA, Inc. and Tropical Emerald LLC ("Defendants") respectfully submit this memorandum in support of their motion asking the Court to reconsider its December 23, 2020 Order ("Order"; ECF No. 48) insofar as it grants Plaintiff's motion to strike (the "Motion to Strike") Stephen Fordyce as a witness and two documents used to prepare for deposition Defendants' chief merchandising officer, Jonathan Hersch.  The documents, not reviewed by the Court before granting Plaintiff's Motion to Strike, are (1) Mr. Fordyce's one-page memorandum to Mr. Hersch dated October 27, 2020 listing the merchandise racks and quantity of merchandise that would need to be removed if the store at issue were to create 36 in-wide aisles between all merchandise racks (which Plaintiff claims the Americans with Disabilities Act requires to make the store more accessible), and (2) Mr. Hersch's October 28, 2020 calculations of the cost to the business if the store removed said merchandise racks and merchandise (*see* ECF No. 46 pp. 2-3).[1]

The documents at issue are not pre-existing documents maintained in the ordinary course of business (*id.*).  The Order overlooks that these documents were created specifically for and/or by Mr. Hersch to prepare for his deposition, and were produced as soon as they were completed on October 28, 2020 - the day before his deposition prior to the discovery deadline (*id.*, n. 5 below).

The Order also overlooks that Defendants' counsel produced the documents before Mr. Hersch's deposition (when they were created) to *avoid* "sandbagging" Plaintiff's counsel. Defendants' counsel produced them promptly to facilitate Plaintiff's counsel's examination of Mr. Hersch, which would have included questions about the documents Mr. Hersch reviewed in preparing to be deposed.  Had Defendants' counsel not produced them in advance, they would

---

[1]      The documents (marked "confidential" and produced as D220-224) at issue are Appendix ("App.") A to this memorandum of law.  Mr. Fordyce's memo is document D220.  As documents D221-224 contain sensitive commercial information, they are the subject of Defendants' motion for leave to file them under seal to be filed along with the instant motion (see n.3 below).

have been required to produce them when Mr. Hersch testified about their existence at his October 29 deposition.  The Order ignores that production of the documents before Mr. Hersch's deposition afforded Plaintiff's counsel the chance to question Mr. Hersch about the sources of the data and the computations in those documents, making a record about them.  Instead, Plaintiff's counsel adjourned the deposition and moved to strike the documents without making any such record.

The Order incorrectly states that Mr. Hersch's analysis "provided opinion testimony, not factual recitations" (Order p. 5).  The analysis provided data relevant to Mr. Hersch's estimate of the adverse impact of removing merchandise from the store.  Any "opinion testimony" was to be provided under oath by Mr. Hersch at his deposition.  The documents are data and not "opinion testimony" (App. A).  Defendants did not identify Mr. Hersch as an expert, nor is it accurate to characterize his analysis as an "expert report."  As part of Mr. Hersch's job as Rainbow's chief merchandising officer, he routinely looks at financial and inventory data for the stores, and does financial analysis and forecasting of how profitable a store may be based on this data.

Respectfully, the Court incorrectly concluded, without having seen the document(s) at issue, that they are not "rationally based on the witness's perception" and that these documents cannot be the basis for lay witness opinion testimony (Order p. 5).  It is puzzling how the Court could have reached this conclusion without seeing the documents or Mr. Hersch's testimony about them.  The Court also stated that the disclosure of Mr. Fordyce's was "well after the time for fact discovery had passed" (*id.* 4), but his disclosure and Mr. Hersch's scheduled October 29 deposition occurred before the close of discovery (the Court had previously adjourned the September 30, 2020 deadline for 30 days and then extended the deadline to November 16, 2020; *see* n. 5 below). To the extent the Order strikes Mr. Fordyce as a witness and the documents at issue because their

disclosure was "untimely," Defendants ask the Court to reconsider the Order given the circumstances described above and the procedural history of this matter (n. 5 below).

Therefore, Defendants respectfully request the Court reconsider and modify its Order, allowing Mr. Hersch and Mr. Fordyce to be deposed without limitation, and for the documents to be used as either party sees fit.

## II.    RELEVANT FACTS

Mr. Hersch was one of "Defendants' previously disclosed witnesses" referred to in the Order (Order p. 2).  He was disclosed to Plaintiff in February 2020 as the replacement witness for Thomas Magill, Rainbow's former chief merchandising officer, who unfortunately died in late 2019 and was listed as a witness in Defendants' original 2018 initial disclosures.[2]  Defendants offered Mr. Hersch for deposition in February 2020 but Plaintiff chose not to proceed at that time, and did not seek his deposition until the Fall of 2020, facts that the Order appears to overlook (see Order p. 3; ECF No. 46).  There was no reason for Defendants to incur the expense of preparing Mr. Hersch in February 2020 for a deposition Plaintiff postponed.  Had Plaintiff deposed Mr. Hersch in February 2020, the circumstance addressed by the Order would have arisen sooner.  The delay of Mr. Hersch's deposition provided more data about the disastrous year 2020 for Mr. Hersch to consider and include in his estimates.  Further, had Plaintiff deposed Mr. Hersch in February 2020 when Defendants made him available, the need for the data supplied by Mr. Fordyce would have been discovered, and that data and Mr. Fordyce's name would have been disclosed at that time (ECF No. 46).  Striking Mr. Fordyce as a witness now, in the circumstances described above, is unfair and may prejudice Defendants to the extent Plaintiff may argue that the Order means that Mr. Hersch should be precluded from using Mr. Fordyce's data without Mr. Fordyce's testimony.

---

[2]    Defendants informed the Court about Mr. Magill's death at a November 26, 2019 conference.

Due in part to delays caused by the COVID-19 pandemic and a medical procedure, Mr. Hersch's deposition was rescheduled for October 29, 2020.  During the October 2020 preparation for his deposition, Mr. Hersch needed data as to the number of clothing racks and the merchandise that would have to be removed from the store pursuant to Plaintiff's claim.  Mr. Fordyce supplied that data in a one-page memo merely listing the merchandise racks on the sales floor that would need to be removed to create 36-inch wide aisles if Plaintiff prevailed (App. A D220).  Mr. Hersch used that data to estimate the cost to store operations of removing these racks based on his role as chief merchandising officer (App. A D221-224).  Accordingly, Defendants disclosed Mr. Fordyce as a person with knowledge of the facts, as they were required to do per the Federal Rules.

The documents at issue were prepared for and/or by Mr. Hersch and reviewed by him just before his deposition because it was anticipated that Plaintiff would ask Mr. Hersch how he estimated the adverse financial impact on Rainbow of removing the clothing racks (ECF No. 46). Although it was evident to Mr. Hersch that removing merchandise from a sales floor would likely have an adverse effect on sales revenue, Mr. Hersch thought it prudent, as he was going to testify under oath, to set down the data that would show how he calculated the extent of the adverse financial impact of the relief Plaintiff has requested.  These documents were disclosed the same day Mr. Hersch prepared his analysis, October 28, before the discovery deadline.

After receiving the documents, Plaintiff objected to them and to Defendants' supplemental witness disclosure, cancelled Mr. Hersch's deposition, and filed the Motion to Strike.  Defendants' submitted their opposition to the Motion to Strike on November 4 (ECF No. 46), which laid out the reasons the sanction of striking the documents and testimony at issue under Rule 37(c)(1) was too drastic and unnecessary.  Yet, the Court's Order found the disclosure of Mr. Fordyce and Mr. Hersch's documents sanctionable as an "untimely disclosure of a fact witness" (Order pp. 3-4, 7).

4

As explained below, Defendants request that the Court reconsider its Order striking the two documents at issue and Mr. Fordyce as a witness, as the Order errs in overlooking facts germane to the Motion to Strike, and is premised on mistaken facts as well as inapposite case law.

## III.    STANDARD OF REVIEW

Whether to grant a motion for reconsideration or reargument is committed to the court's "sound discretion." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd*., 182 F.R.D. 97, 100 (S.D.N.Y. 1998).  To warrant reconsideration, under Local Civil Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Local Civil Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

It is also well established that reconsideration "should be granted [] when the defendant identifies an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted).   Courts may also reconsider an order or judgment where there was "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp.3d 369, 373 (S.D.N.Y. 2014) ("[t]he standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same.").

As discussed below, Defendants assert that the Court erred in finding that the documents at issue (Mr. Fordyce's memorandum and Mr. Hersch's analysis), and Mr. Fordyce as a witness, should be stricken as they were disclosed after fact discovery.  In fact, they were disclosed during fact discovery as soon as they were created.  Defendants also assert the Court overlooked the controlling law and data Defendants' submitted in opposition to Plaintiff's Motion to Strike (ECF No. 46).  Specifically, Defendants assert that the Court overlooked the controlling law holding that

Rule 37(c)(1) does not permit the striking of the documents and Mr. Fordyce when the disclosures occurred before the fact discovery deadline.  Defendants also assert that the Court erred in its categorization of the two documents at issue, without reviewing these documents,[3] as improper lay witness opinion testimony.

Defendants respectfully ask the Court to reconsider its Order, the controlling case law and facts in support of Defendants' opposition to Plaintiff's Motion to Strike (ECF No. 46; App. A), modify the Order, and find the two documents and witness at issue should not be stricken.

## IV.    LEGAL ARGUMENT

Rule 26 provides, in pertinent part, that "a party must . . . provide to the other parties . . . a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  The duty to supplement applies to responsive documents that are created after a party has served a response to a discovery request.  *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76-77 (W.D.N.Y. 2011).  Defendants complied fully with their duty to supplement their prior disclosures.

Rule 37(c)(1) provides that a party that fails to make adequate Rule 26 disclosures "is not

---

[3]    As Plaintiff's Motion to Strike and Defendants' opposition explained, the documents at issue (Appendix A) are confidential and therefore one of them that is especially sensitive (D 221-224) will be submitted under seal in connection with the instant motion for reconsideration (see ECF Nos. 41 at fn. 1, 46 at fn. 3).

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Lee Valley Tools Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 260-61 (W.D.N.Y. 2013).  The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information.  *See Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). Plaintiff did not sustain that burden here, where the documents were produced as soon as they were created, were not pre-existing documents, were prepared and reviewed to prepare a witness for deposition, and were produced during fact discovery that included that deposition.

Preclusion is a "drastic remedy," *see Torres v. Dematteo Salvage Co. Inc.*, No. 14-cv-774, 2016 U.S. Dist. LEXIS 26439, at *9 (E.D.N.Y. Mar. 2, 2016); *Capricorn Mgmt. Sys. v. Gov't Emples. Ins. Co.*, No. 15-cv-2926 (DRH)(SIL), 2019 U.S. Dist. LEXIS 123723, at *22 (E.D.N.Y. July 22, 2019), and should only be imposed in rare situations, *Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156-57 (S.D.N.Y. 2012) (internal citations and quotations omitted); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y. 2004) ("[b]ecause of the preference to have issues and claims decided on their merits, rather than on the basis of a procedural shortcoming, the exclusion of otherwise relevant evidence on technical grounds is generally not favored, absent compelling circumstances") (internal citations omitted); *Pollack v. Safway Steel Prods.*, No. No. 03 Civ. 4067 (WCC), 2007 U.S. Dist. LEXIS 24746, at *14 (S.D.N.Y. Mar. 30, 2007) ("imposition of Rule 37 sanctions is a 'drastic remedy' that should only be applied in those rare cases where a party's conduct represents *flagrant bad faith* and *callous disregard* of the Rules) (internal citations omitted).  In the circumstances presented here, the drastic remedy of preclusion is not warranted.

Courts should not impose sanctions under Rule 37(c)(1) "where a party's failure to comply"

with Rule 26(a) or (e) "was 'substantially justified' or where the conduct was 'harmless.'" *Ritchie Risk*, 280 F.R.D. at 158-59.   "Harmlessness means an absence of prejudice." *Id.* at 159.   The Second Circuit considers the following when determining whether to preclude a party from offering documents or testimony as evidence for a failure to disclose per Rule 26:[4] "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (internal quotation marks and citation omitted).   Defendants have "substantially justified" their conduct.

Plaintiff sought to strike two documents, the one page memo prepared by Mr. Fordyce on October 27 that contains an inventory of the merchandise racks on the sales floor at the Rainbow location at issue (App. A D220), and four pages of notes/analysis prepared by Mr. Hersch on October 28 to assist him in recalling the facts and figures he would be asked about at his October 29 deposition (App. A D221-224).   Plaintiff also sought to strike Mr. Fordyce as a witness prior his deposition.   Neither document should be stricken or precluded at this stage in the litigation. Defendants respectfully submit that the Court erred in striking the two documents at issue and the testimony of Mr. Fordyce, and request the Court corrects this error.

## A.   THE ORDER ERRONEOUSLY FOUND THAT THE DOCUMENTS AND THE WITNESS WERE UNTIMELY DISCLOSED.

The Order mistakenly found that the documents and Mr. Fordyce as a witness should be

---

[4]   "The purpose of Rule 37(c) is to prevent the practice of 'sandbagging' an adversary with new evidence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First, LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (citation omitted).   Although "Courts . . . have broad discretion to determine the nature of any sanction that should be imposed under Rule 37, [b]efore [granting] the extreme sanction of preclusion, the Court should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Id.* at 157 (*quoting Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988) (internal quotations and citations omitted)); *see* ECF No. 46.

stricken because Defendants failed to disclose them during fact discovery (see Order p. 7). This finding was erroneous as these documents (1) did not exist during the time for document production and (2) were provided to Plaintiff's counsel on October 28, 2020 before the close of fact discovery (ECF No. 46).[5] The need to offer Mr. Fordyce as a witness was also not discovered until Mr. Hersch began preparing for his deposition and Mr. Fordyce prepared the memo on October 27, 2020 (ECF No. 46).

When presented with a motion to strike, courts have found a lack of prejudice where the disclosure is made while discovery is still open.[6] *Emilio v. Sprint Spectrum L.P.*, No. 11-CV-3041 (JPO)(KNF), 2017 U.S. Dist. LEXIS 36924, at *14 (S.D.N.Y. Feb. 1, 2017); *Sec. & Exch. Comm'n v. CKB168 Holdings Ltd.,* No. 13 CV 5584, 2016 U.S. Dist. LEXIS 63568, at *10 (E.D.N.Y. May 13, 2016) (defendant did not suffer prejudice as a result of late admission given that discovery was open at the time of the admission); *Preuss v. Kolmar Laboratories, Inc.*, 970 F. Supp. 2d 171, 177 (S.D.N.Y. 2013) (defendant's failure to disclose names of potential witnesses did not warrant striking testimony because plaintiffs were aware of witnesses' identities and scope of their knowledge). Since the two documents did not exist during document production, and since the documents and Mr. Fordyce were disclosed before the discovery deadline and as soon as the documents were created, this evidence was stricken in error.

---

[5]    On May 18, 2020, the Court set a discovery deadline of September 30, 2020. On September 15, 2020, the Court stayed all discovery for 30 days pending an October 15, 2020 conference. Defendants understood this to mean that the September 30 deadline was extended 30 days through October 30. On October 15, 2020, the Court extended the discovery deadline until November 16, 2020. Therefore, both the scheduled Hersch deposition (and production of the documents he reviewed to prepare for it) were within the discovery deadline.

[6]    Plaintiff takes issue with the fact that Mr. Hersch was disclosed in February 2020 but his notes were not produced until the day before his deposition on October 28, but as Defendants explained to the Court in their November 4 opposition, had the depositions occurred as originally planned in February 2020, the need for Mr. Fordyce's memo and Mr. Hersch's analysis would have become evident then and these documents would have been produced at that time (ECF No. 46). Mr. Hersch's deposition was postponed, in part due to COVID-19 pandemic, so the need for these documents did not become evident until Mr. Hersch was preparing for his rescheduled deposition in October 2020 (ECF No. 46; *see, e.g*., ECF Nos. 33, 34, 35 and the Court's February 21 and March 17, 2020 Orders).

**B.    IN ERROR, THE COURT OVERLOOKED EVIDENCE PIVOTAL TO PLAINTIFF'S MOTION TO STRIKE.**

In addition, the Court apparently overlooked the controlling law of this Circuit with respect to whether there is sufficient proof of prejudice and harm to Plaintiff necessitating the striking of the evidence at issue.  Contrary to the Order, Plaintiff's counsel is not prejudiced by the disclosure of Mr. Fordyce or Mr. Hersch's analysis just before the deposition as (1) it is common for witnesses to provide notes they took to prepare for deposition during or just before a deposition; and (2) Defendants' counsel offered to seek the Court's approval to adjourn Mr. Hersch's deposition to provide Plaintiff's counsel with more time to review the five pages produced, (ECF No. 46 p. 2), and could do the same for the deposition of Mr. Fordyce.

There was a simple way to fix the issue Plaintiff's counsel raised that did not require the drastic premature remedy of preemptively striking evidence produced during fact discovery.  The deposition of Mr. Hersch could have been adjourned or could have begun and then adjourned after Mr. Hersch testified about the documents he used to prepare for his deposition.  *See Safespan Platform Sys. Inc. v. EZ Access, Inc.*, No. 06CV726A, 2011 U.S. Dist. LEXIS 154113, at *13 (W.D.N.Y. 2011) ("unlike the cases cited by defendants, this discovery issue did not arise at the eve of trial or present a novel theory late in the proceedings"), *report and recommendation adopted by*, 2012 U.S. Dist. LEXIS 31015 (W.D.N.Y. 2012); *see also Boyde v. Monroe Cnty.*, No. 08-CV-6242, 2011 U.S. Dist. LEXIS 108452, at *10-*12 (W.D.N.Y. 2011) (preclusion not appropriate sanction where court could grant a continuance by re-opening discovery); *Cargill, Inc.*, 334 F. Supp. at 248 (even though the reports were produced outside of fact discovery, there was no prejudice from this untimely disclosure and preclusion/striking of same is not warranted); *Pollack*, 2007 U.S. Dist. LEXIS at *13 (striking witness is too harsh a penalty for belated disclosure so Court re-opened discovery for the limited purpose of taking said witnesses' deposition and

10

declined to strike same).  Therefore, reconsideration of the Order is warranted because it apparently overlooked the applicable legal precedent (by applying an inappropriately extreme remedy of preclusion) and the fact that Defendants disclosed the documents (as soon as they were created) and the witness before the end of fact discovery when his relevant knowledge became apparent.[7]

Ultimately, the Order applied the wrong standards and improperly analyzed the documents at issue (without reviewing them) and the disclosure of the witness as evidence that purportedly should have been produced/disclosed earlier in discovery.  That is premised on an incorrect assumption that the documents (or the relevance of Mr. Fordyce as a witness) at issue existed prior to October 28 – the date they were produced.  In fact, the documents were created after Defendants served their responses to Plaintiff's discovery requests, and were produced the same day they were created.  The importance and relevance of Mr. Fordyce's testimony was discovered at that time due to Mr. Hersch's need for information from Mr. Fordyce to supply his testimony.

The scope of Rule 26(e) is not merely applicable to evidence existing prior to the date discovery responses are served, but also to any additional documents or evidence that are created during the course of discovery.  *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76-77 (W.D.N.Y. 2011) (the duty to supplement applies to responsive documents that are created after a party has served a response to a discovery request); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (federal discovery rules to be "interpreted broadly").  Since the evidence at issue were created and discovered after Defendants served their discovery responses, they were timely and properly disclosed per Rule 26(e) - the same date they were created and prior to the close of discovery.  This defeats any claim of prejudice or preclusion by Plaintiff.

---

[7]      It would be the height of absurdity for Plaintiff's counsel to now argue they have been prejudiced, given they have now had eight weeks to review the five pages and prepare their questioning of Mr. Hersch based on same.

As such, Defendants respectfully seek reconsideration of the Order and ask the Court to amend the Order and deny Plaintiff's Motion to Strike the two documents and witness at issue.

### C.     THE ORDER IMPROPERLY STRUCK THE DOCUMENTS AT ISSUE WITHOUT REVIEWING THEM OR ANY TESTIMONY ABOUT THEM AND THUS LACKED AN APPROPRIATE RECORD TO REVIEW.

Rule 37(c)(1) permits striking testimony or evidence that is improperly or belatedly disclosed when a party tries to use that evidence "on a motion, at a hearing, or at a trial . . . ." The second factor to be considered when determining whether to preclude testimony or evidence is the "importance of the evidence sought to be precluded." *LaMonica v. CEVA Grp. PLC (In re CIL Ltd.)*, No. 13-11272-JLG, 2019 Bankr. LEXIS 1179, at *34 (U.S. Bank. Ct. S.D.N.Y. Apr. 8, 2019); *Espiritu v. Hartman*, No. 16-CV-04623 (CBA) (SJB), 2020 U.S. Dist. LEXIS 3054, at *18-*19 (Judge Bulsara) (E.D.N.Y. Jan. 8, 2020).  The Order disregarded both factors.

To determine whether evidence should precluded, a court needs an appropriate record to review.  Here, the Court did not have the opportunity to analyze this second factor, since it has not seen the documents at issue, did not allow for the use of the documents at issue at deposition, or even allow the deposition testimony of Mr. Fordyce about them.  Defendants respectfully submit that the Court erred in preemptively striking the documents and testimony at issue without having the necessary record evidence to review.[8]

### D.     THE DOCUMENTS AT ISSUE ARE NOT BEING OFFERED AS IMPROPER LAY WITNESS OPINION TESTIMONY.

Defendants also submit that the Order erroneously characterized the two documents (which it did not review) at issue as improper lay witness opinions, and therefore improperly struck them.

---

[8]     Accordingly, the documents are incorporated as App. A to this memorandum.  As mentioned in Plaintiff's Motion to Strike and Defendants' Opposition to same, D00221-224 at issue are confidential and should be filed under seal (see ECF No. 41 at fn. 1, ECF No. 46 at fn. 3).  As such, redacted versions of these documents have been included in App. A.  Defendants' are separately submitting an application to have same filed under seal with the Court.

i.    *The Documents Were Properly Disclosed in Accordance With Plaintiff's Deposition Notice.*

Mr. Hersch is a fact witness as Rainbow's chief merchandising officer.  He replaced Thomas Magill in this position after Mr. Magill's death.  Plaintiff's deposition notice originally directed to Mr. Magill requires the witness to "produce at said deposition any and all original documents, records, reports, books, statements, recordings, and photographs relevant to the facts and circumstances referred to in the Complaint, **as well as any documents reviewed in preparation for defendant's deposition."**   A copy of the deposition notice is provided in Appendix B hereto.  The documents Mr. Hersch provided on October 28 were created for and/or by Mr. Hersch and reviewed by him on October 28 in preparation for his deposition.  Counsel disclosed these notes to Plaintiff's counsel *before* Mr. Hersch's deposition and before the conclusion of fact discovery pursuant to Plaintiff's deposition notice and the discovery rules.

ii.   *Mr. Hersch's Analysis Was Created on October 28, Inter Alia, to Refresh His Recollection and Was Timely Disclosed Pursuant to FRE 612.*

The one page memo Mr. Fordyce sent Mr. Hersch consisted of a basic inventory of the merchandise racks currently on the sales floor (App. A D220).  Mr. Hersch, in his role as chief merchandising officer, used this list to determine what the costs would be if the merchandise racks were removed, which he then laid out in a "memo" to himself to assist him in preparing for deposition (App. A D221-224).  The intent of this writing was to provide Mr. Hersch notes to refresh his recollection as to what the facts were, i.e., his estimates of the costs to the business if the racks were removed.  This is the topic Mr. Hersch was to be deposed about.  This sort of note-taking and the production of said notes is common in litigation.[9]   Regardless of how they are

---

[9]     Pursuant to FRE 612, "where a writing is used to refresh a witness' memory prior to testifying …. an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it…"; *see* FRE 612; *see also Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997) ("Rule 612 has been held applicable to deposition testimony pursuant to Federal Rule of Civil Procedure 30(c)."); *Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994) (same); ECF No. 46 fn. 4.  The disclosure of a document used to refresh a witness'

labeled or characterized, neither Mr. Fordyce's memo nor Mr. Hersch's notes existed at the time Defendants responded to Plaintiff's document requests, and in fact did not exist until Mr. Hersch prepared for his October 29, 2020 deposition.  As soon as they were created, Defendants' counsel produced them per Rule 26 and FRE 612.[10]  Defendants submit that the Court erred in disregarding the fact that the documents at issue were produced pursuant to FRE 612.

### iii.   *The Order Improperly Preemptively Struck the Documents Without Reviewing Them Thereby Overlooking Them.*

It appears the Court struck the two documents as lay person opinions being submitted in lieu of expert testimony/opinion (Order pp. 5-7).  This aspect of the Order warrants reconsideration because the Court decided the Order based on documents it had not reviewed and as to which no witness had testified (see Order p. 6).  The documents are not opinions of lay witnesses based on scientific, technical, or other specialized knowledge as the Court suggests (Order p. 6), they are purely factual and consist only of (1) a basic inventory of racks and merchandise that any layperson could create by visiting the store (App. A D220); and (2) a straightforward mathematical analysis of the impact on the store of removing these racks and inventory (App. A D 221-224).  Therefore, contrary to the Order's assumptions and reasoning, the documents only contain factual information that could be readily understood by a layperson.[11]

---

recollection before testifying is necessary per Rule 612.  *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 469-70 (S.D.N.Y. 1993); *In re Kellogg Brown & Root, Inc.,* 796 F.3d 137, 143 (D.C. Cir. 2015).

[10]      The irony here is that if Defendants' counsel had withheld these documents, Mr. Hersch's deposition would have presumably occurred as scheduled on October 29, and upon Plaintiff's counsel asking Mr. Hersch if he had reviewed any documents to prepare for his deposition, Mr. Hersch would have properly responded in the affirmative, and Plaintiff's counsel would likely be demanding the production of these notes.  Defendants were between a rock and a hard place – produce the documents and be subjected to a motion to strike relevant evidence that was produced during fact discovery, or withhold the documents and be subject to a motion to compel and the possibility of sanctions.  Defendants' counsel took the proactive approach and produced the newly created document per Rule 26 and FRE 612.

[11]      It is notable that Plaintiff's Motion to Strike does not assert the documents contain improper lay witness opinions, as the Court suggests (*compare* Order pp. 5-6 to Plaintiff's Motion to Strike (ECF No. 41)).

Further, the fact that this Court did not review the documents at issue requires the reconsideration of the Order.  The Order relies in part on *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005) in finding that the documents at issue are "not lay witness testimony and therefore, could not be offered by a fact witness" (Order p. 6).  The court in *Garcia* found that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life," as compared to expert testimony, which "results from a process of reasoning which can be mastered only by specialists in the field."  *Garcia* at 215.  Interpreting *Garcia*, Courts in the Second Circuit have determined whether a witness's testimony is that of a layperson, or is overly technical, *after* reviewing the testimony (and any documents used at deposition) at issue.  *United States v. Galanis*, 758 Fed. Appx. 71, 74 (2d Cir. 2018) (finding the testimony at issue should not be precluded even though it involved "some degree of specific, industry-related knowledge"); *United States v. Thornhill*, 667 Fed. Appx. 310, 311 (2d Cir. 2016) (finding the testimony should not be precluded as it was based on his own observations informed by his personal life experiences).  Therefore, the Court erred in issuing an Order that requires analysis of the contents of the documents at issue without reviewing the documents or allowing for testimony about same.

Without reviewing the documents at issue, it is impossible to conclude, as the Order did, that they are not the product of reasoning processes familiar in everyday life.  The documents at issue are factual and were prepared to aid a witness in preparing for his deposition.  The cases cited by the Order from courts in other Circuits are not controlling and/or are inapposite.  *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.,* No. 17-24223-CIV-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 192103 (S.D. Fl. Nov. 9, 2018) involved a motion in limine to exclude a lay witness's spreadsheets and testimony because these spreadsheets "required a specialized understanding of how construction work is qualified into percentages of completion" and required a breakdown of

15

"hundreds of line items for the subcontractor, the percentage of completion, the percentages paid to subcontractors, the schedule of values, the total value of work completed, and the amount paid to the subcontractor." *Id.* at \*17-\*18.[12]  Here, there has been no testimony on the methods used in Mr. Hersch's calculations.  The analysis involved in the documents at issue here are nowhere near as complicated as those in the *A.T.O.* case cited by the Court.

*Smith v. Sears Roebuck & Co.*, No. CIV-04-1271-HE, 2006 U.S. Dist. LEXIS 117585 (W.D. Ok. Jan. 9, 2006) involved a non-employee witness offered to testify as a professional engineer.  The court there found that a ruling on whether to preclude or strike part or all of this witness's testimony should be left to be treated via motion in limine or at trial. *Id.* at \*3-\*4.  Here, the Court preemptively granted Plaintiff's Motion to Strike, without reviewing the documents at issue or hearing what the testimony would be.  As such, Defendants respectfully submit that the cases cited by the Order are inapposite to the facts involved here, and, if any preclusion or striking of evidence is to occur, such drastic remedies should be reserved for a motion in limine or trial.

Defendants thus respectfully maintain that the Court's Order in holding that the documents were "clearly not lay witness testimony" and "could not be offered by a fact witness" as it overlooked key facts disproving these statements, and had never reviewed the documents at issue. Further, Defendants believe that the Order applied case law inapplicable to the instant set of facts.

---

[12]   The Court in *A.T.O.* relied, in part, on the witness' testimony about how he ascribed values to the percentages of completion, which was partially based on the number of screws installed on a cabinet and required the use of computers to manipulate data and generate percentages. *Id.* at \*19.

## V.      CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for reconsideration, modify the Order and permit Messrs. Fordyce and Hersch to testify at deposition, including about the documents at issue.

Respectfully submitted,

Date:   January 6, 2021
        New York, New York

/s/ Eric D. Witkin
Eric D. Witkin
Rebecca Goldstein
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

# <u>Appendix A</u>

# *Rainbow*

Date:   10-27-2020

To:  Jonathan Hersch
Re:  Irish v. Rainbow


Jonathan,
As you requested, I walked Store #19 at 493 Fulton St. Brooklyn, NY this morning.
To maintain 36" around all floor fixtures, we would need to remove the following from the sales floor.

FIRST FLOOR (Juniors clothing)
28 4-ways.  (Each 4-way holds 96 garments)
9 Rounders (Each rounder holds 240 garments)

SECOND FLOOR (Plus sizes)
14 4-ways
13 Rounders

THIRD FLOOR (Shoes)
10 Shoe gondolas (Each gondola holds 80 pairs)

FOURTH FLOOR (Kids)
21 4-ways
14 rounders

The total fixture count (by floor) before removing the above mentioned quantities, were the following.

FIRST FLOOR
78 4-ways
26 Rounders

SECOND FLOOR
57 4-ways
33 Rounders

THIRD FLOOR
77 Shoe fixtures

FOURTH FLOOR
45 4-ways
39 Rounders


Best Regards
Steven Fordyce


CONFIDENTIAL                                                                                          D000220

STORE 19



| | YTD AUG 2020 | % to Sales | YTD AUG 2019 | % to Sales | | YTD 2019 | % to Sales | YTD 2018 | % to Sales |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL STORE EXPENSES | | | | | | | | | |
| NET OPERATING INCOME | | | | | | | | | |
| NON-OPERATING INCOME<E | | | | | | | | | |
| MANAGEMENT FEES | | | | | | | | | |
| PROFIT<LOSS> | | | | | | | | | |

CONFIDENTIAL

D000221

STORE 19
confidential privileged



| | YTD AUG 2020 | % to Sales | YTD AUG 2019 | % to Sales | **PROFORMA** YTD 2019 | % to Sales | YTD 2018 | % to Sales | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | reduction |
| TOTAL STORE EXPENSES | ▉ | ▉ | ▉ | ▉ | ▉ | ▉ | ▉ | | |
| NET OPERATING INCOME | ▉ | | ▉ | | ▉ | | ▉ | | |
| NON-OPERATING INCOME<E | ▉ | | ▉ | | ▉ | | ▉ | | |
| MANAGEMENT FEES | ▉ | | ▉ | | ▉ | | | | |
| PROFIT<LOSS> | ▉ | | ▉ | | ▉ | | ▉ | | |

D000222

**Store 19 Analysis - 2019**

10/28/2020

| Year | Sales | GM$ | GM% | Op. Income | Inc Sales v LY | Inv Inc v LY | | Rent |
|------|-------|-----|-----|-----------|----------------|--------------|---|------|
| 2019 | | | | | | | | |
| 2018 | | | | | | | | |
| 2017 | | | | | | | | |
| 2016 | | | | | | | | |
| 2015 | | | | | | | | |
| AVG | | | | | | | | |



Historical Turns

| 2019 | | | | 2018 | | | | 2017 | | | | 2016 | | | | 2015 | | |
|------|-------|-----|---|------|-------|-----|---|------|-------|-----|---|------|-------|-----|---|------|-------|-----|
| Month | Sales | EOM | | Month | Sales | EOM | | Month | Sales | EOM | | Month | Sales | EOM | | Month | Sales | EOM |
| JAN | | | | JAN | | | | JAN | | | | JAN | | | | JAN | | |
| FEB | | | | FEB | | | | FEB | | | | FEB | | | | FEB | | |
| MAR | | | | MAR | | | | MAR | | | | MAR | | | | MAR | | |
| APR | | | | APR | | | | APR | | | | APR | | | | APR | | |
| MAY | | | | MAY | | | | MAY | | | | MAY | | | | MAY | | |
| JUN | | | | JUN | | | | JUN | | | | JUN | | | | JUN | | |
| JUL | | | | JUL | | | | JUL | | | | JUL | | | | JUL | | |
| AUG | | | | AUG | | | | AUG | | | | AUG | | | | AUG | | |
| SEP | | | | SEP | | | | SEP | | | | SEP | | | | SEP | | |
| OCT | | | | OCT | | | | OCT | | | | OCT | | | | OCT | | |
| NOV | | | | NOV | | | | NOV | | | | NOV | | | | NOV | | |
| DEC | | | | DEC | | | | DEC | | | | DEC | | | | DEC | | |
| JAN | | | | JAN | | | | JAN | | | | JAN | | | | JAN | | |
| TOTAL | | | | TOTAL | | | | TOTAL | | | | TOTAL | | | | TOTAL | | |
| Turn | | | | Turn | | | | Turn | | | | Turn | | | | Turn | | |
| Avg. Turn | | | | | | | | | | | | | | | | | | |
| Avg. Inv | | | | | | | | | | | | | | | | | | |

**Proposed removal to accommodate 36" around all floor fixtures**

| Current On Hand |
|-----------------|
| 96763 |

| First floor | QTY | Units per | Total Units |
|-------------|-----|-----------|-------------|
| 4-Ways | 28 | 96 | 2688 |
| Rounder | 9 | 240 | 2160 |
| | | | |
| **Second Floor** | | | |
| 4-Ways | 14 | 96 | 1344 |
| Rounder | 13 | 240 | 3120 |
| | | | |
| **Third Floor** | | | |
| Shoe - Gondolas | 10 | 80 | 800 |
| | | | |
| | | | |
| **Fourth Floor** | | | |
| 4-Ways | 21 | 96 | 2016 |
| Rounder | 14 | 240 | 3360 |
| | | **TOTAL** | 15488 |

Proposed Removal

| |
|---|
| 15488 |

% Cut

| |
|---|
| 16.0% |



**At Projected Cuts - projected 2019**

Sales at Avg. Turn

Avg inventory

Sales at Avg. Turn

Margin at Avg. Margin

Avg. Inventory Reduction

Operating Income



**2020 - YTD (through August)**

10/28/2020

Sales
GM$
GM%
Op Income



Adj. Sales
Adj. GM$
Adj. GM%
Op Income

**Expected Sales loss from inventory reduction**

**AVG Sales**



**Sales with 36" Clearance**

**Variance $**

**Variance %**

CONFIDENTIAL

D000224

# <u>Appendix B</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KELLY IRISH,                                               **Docket: 1:18-cv-00082-PKC-SJB**

                                    Plaintiff,

          -against-                                        **NOTICE OF**
                                                           **DEPOSITION**

TROPICAL EMERALD LLC AND CHAPS, INC.

                                    Defendants.

-----------------------------------------------------------x

### **NOTICE TO TAKE DEPOSITION**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff will take the deposition upon oral examination of Thomas Magill from defendants before a Notary Public of the State of New York, or other person so qualified to act, at the offices of Parker Hanski LLC, beginning on May 30, 2019 at 10:00 a.m. with respect to evidence material and necessary in the prosecution of this action.

PLEASE TAKE FURTHER NOTICE that Thomas Magill from defendant is required to produce at said deposition any and all original documents, records, reports, books, statements, recordings, and photographs relevant to the facts and circumstances referred to in the Complaint, as well as any documents reviewed in preparation for defendant's deposition.

DATED:        May 8, 2019
              New York, New York


                      **PARKER HANSKI LLC**
                      Attorneys for Plaintiff


              By:_____/s/_____
                      Glen H. Parker, Esq.
                      40 Worth Street, 10th Floor
                      New York, New York 10013
                      Telephone: (212) 248-7400
                      Facsimile: (212) 248-5600
                      Email:ghp@parkerhanski.com


**TO ALL DEFENDANTS VIA EMAIL:**

Eric D. Witkin, Esq.
Attorney for Defendants
900 Third Avenue
New York, NY 10022-3298
212-497-8485
646.417.7546 fax
EWitkin@littler.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 8, 2019 the foregoing document entitled "Plaintiff's Notice of Deposition" was served in accordance with the Federal Rules of Civil Procedure and/or the Southern and Eastern District's Local Rules upon the all the attorneys for the defendants in the above-entitled action by electronic mail.

DATED:  New York, NY
     May 8, 2019



       By: _____/s/_____
          Glen H. Parker, Esq.