# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600
Contact@ParkerHanski.com

January 8, 2021

Via ECF
The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court

      **Re:**    *Kelly Irish v. Tropical Emerald LLC and Rainbow USA, Inc.*

      **Docket No. 1:18-cv-00082-PKC-SJB**

Dear Judge Bulsara:

      We represent the plaintiff in the above-entitled action. We write to respectfully ask the Court: i) for clarification concerning Your Honor's Rules relating to defendants' motion to reargue a discovery dispute; and ii) to object to defendants' application to file documents under seal.

      Pursuant to Rule IV. (B.) of Your Honor's Individual Rules of Practice, motions relating to discovery are to be made by letter motion and not to exceed five pages in length with responses not to exceed five pages in length to be filed within four days of receipt. The defendant's motion to reargue concerns a discovery dispute motion where the parties complied with Rule IV. (B.) of Your Honor's Individual Rules of Practice for the underlying motion/

      It is plaintiff's understanding that defendants' motion to reargue a discovery dispute, because it is a discovery dispute, should also comply with Rule IV. (B.) of Your Honor's Individual Rules of Practice. Otherwise, a party can have substantially more pages to reargue a discovery dispute than what was permitted for the underlying discovery motion.

      This scenario is exactly what is happening here. In the underlying discovery motion, plaintiff submitted a five page letter motion containing four exhibits. Defendants responded with a four-page letter containing one exhibit. Defendants now submit a seventeen (17) page memorandum of law to reargue the discovery dispute - more than four times the length of defendants' response in opposition. Accordingly, plaintiff respectfully asks the Court for clarification concerning whether the defendants' motion to reargue the discovery dispute should likewise comply with Rule IV. (B.) of Your Honor's Individual Rules of Practice.

      Separate and apart from the procedural aspect of defendants' motion to reargue, plaintiff objects to the motion to seal because it contains **documents that were not provided** to the Court in the underlying discovery motion. Providing the Court with new documents on a motion to reargue is not permitted. As Your Honor held in *Chow v. SentosaCare, LLC*, 2020 WL 5623976, at *5 (E.D.N.Y. July 21, 2020): "Submitting additional evidence is not permitted on

reconsideration; such a motion is limited to matters the court overlooked, not an opportunity to reargue or add additional facts or record evidence that could have been brought forward earlier."

There is no dispute that the documents sought to be sealed for defendants' motion to reargue existed before the underlying discovery dispute motion practice. And that defendants could have easily sought to file those documents in response during motion practice. But the defendants chose not to do so. Having failed to provide, or even attempt to provide, the Court with these documents during the underlying motion practice, defendants cannot now submit these documents for consideration on a motion to reargue.

Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s/
Glen H. Parker, Esq.