# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600
Contact@ParkerHanski.com

January 25, 2021

<u>Via ECF</u>
The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court

      **Re:**    *Kelly Irish v. Tropical Emerald LLC and Rainbow USA, Inc.*

      **<u>Docket No. 1:18-cv-00082-PKC-SJB</u>**

Dear Judge Bulsara:

      We represent the plaintiff in the above-entitled action.  We write to respectfully ask the Court to strike defendants' letter motion to reconsideration (ECF Document # 58) with prejudice because the filing is a bad faith end run around Your Honor's Order to limit the filing to five pages.  Defendants disrespect Your Honor by employing outrageously unprofessional tactics of substantially reducing the font size of the text, reducing line spacing, reducing size of top page margins, eliminating paragraph indentations, and shoving a large portion of text into footnotes of an even lower font size.

      The defendants' letter appears to be 10 point font size text for the body and 8 point font size for the footnotes.  Even more egregious is the fact that this five-page letter contains 16 footnotes spanning 57 lines of absurdly small text.  The end result is a document that is unreasonably difficult to read and was clearly formatted as a way to evade Your Honor's five page limitation.

      As Your Honor may recall, defendants originally submitted a seventeen (17) page Memorandum of Law to reargue this discovery dispute.  (See ECF Document #52).  On January 11, 2021, Your Honor issued an Order denying defendants' motion for reconsideration, without prejudice, because it was:

> "in violation of the Court's page limits for discovery motions. The Court's Individual Practices provide that discovery motions are to be no longer than 5 pages in length. Defendants' brief was 17 pages in length--three times the length of its original brief on these issues. - more than four times the length of defendants' response in opposition.

      The next day, defendants filed a motion to enlarge the page limitation from five pages to ten pages for its motion for reconsideration. (See ECF Document # 56).   By Order dated January 20, 2021, Your Honor denied that application and instructed defendants that any motion for reconsideration must conform with the page limitations "set forth in the Court's individual practices."

Rather than comply with Your Honor's numerous Orders, defendants cavalierly believe that they can reduce the font sizes, reduce line spacing, reduce size of top page margins, eliminate paragraph indentations, and increase the amount of text in footnotes - to the point where all the arguments contained in the 17 page Memorandum of Law now fit into five pages. Indeed, a review of the legal arguments made in the defendants' 17 page Memorandum of Law show that they are reproduced almost verbatim in defendants' five page submission.

Local Civil Rule 11.1(b)(1) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires that "all text must be 12-point type or larger, except for text in footnotes which may be 10-point type." Your Honor's Rules of Practice also states that "a reasonable font of 12 point or larger, including for footnotes" is required for all Memorandum of Law.

Defendants clearly know that all written communications to the Court require at least a 12 point font and defendants have submitted numerous filings to the Court and none of those filings ever contained the tactics used by defendants in their motion for reconsideration. Compare, for example, the font and style of defendants' letter motion to enlarge the page limitation with the instant letter motion for reconsideration. (See ECF Documents #56 and 58).

Plaintiff is prejudiced by this filing because the defendants have essentially filed 17 pages of argument. Defendants have therefore improperly gained a strategic advantage as plaintiff's response is limited to five pages. Plaintiff cannot and will not utilize the same formatting tactics to respond to defendants' arguments.

Accordingly, we respectfully ask the Court to strike defendants' motion for reconsideration (ECF Document # 58) with prejudice; and, if this application is denied, to extend the date for plaintiff to respond to defendants' motion for reconsideration to a date after the Court resolves this application.

Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s/
Glen H. Parker, Esq.