

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

February 1, 2021

Eric D. Witkin
212.497.8487 direct
212.583.9600 main
646.417.7546 fax
ewitkin@littler.com

<u>**VIA ECF**</u>

Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Kelly Irish v. Tropical Emerald LLC et al.*; (EDNY - No. 18 CV 00082)

Dear Judge Bulsara:

We write pursuant to ¶ IV.B of your Honor's Individual Practices and the Court's January 11, 20 and 27 orders to request that the Court reconsider its December 23 Order ("Order"; ECF No. 48) insofar as it grants Plaintiff's motion to strike ("Motion"; ECF No. 41) Stephen Fordyce as a witness and two documents used to prepare Jonathan Hersch for deposition. Defendants opposed that Motion ("Opp."; ECF No. 46). The stricken documents are (1) Fordyce's October 27, 2020 one-page memo to Hersch listing the number and capacity of merchandise racks that would need to be removed if the store were to create 36-inch wide aisles between all racks (which Plaintiff claims the ADA requires), and (2) Hersch's October 28, 2020 calculations of the financial impact on Rainbow if the store removed said racks and merchandise (Opp. pp. 2-3).[1] Defendants in good faith conferred with Plaintiff's counsel in an attempt to resolve this dispute. Respectfully, we believe that the Court erred in striking the documents at issue without examining them or permitting and reviewing testimony about them. The Order also stated that the disclosure was "well after the time for fact discovery had passed" (*id.* 4), but the disclosure and Hersch's scheduled deposition (delayed by a medical issue) pre-dated the end of discovery. Defendants ask the Court to reconsider the Order given the circumstances described in this application.

Hersch was disclosed to Plaintiff in February 2020 as the replacement witness for Thomas Magill, Rainbow's deceased former chief merchandising officer.[2] Plaintiff noticed Hersch for deposition last February, but Plaintiff chose not to proceed then and did not seek his deposition until September (Order p. 3; Opp. p. 3).[3] Hersch's deposition was rescheduled for October 29. In preparing for his deposition, Hersch needed to know the quantity of racks and merchandise that would have to be removed to create 36-inch wide aisles that Plaintiff claims are required. Fordyce supplied that data in a one-page memo, (App. A D220), which Hersch used to estimate the revenue that would be lost if the merchandise was removed, (App. A D221-224). The documents were used by Hersch to prepare for his deposition and were produced the same day Hersch prepared his analysis, October 28, before the discovery deadline. In response, Plaintiff cancelled Hersch's deposition and filed the Motion, which Defendants opposed (Opp. p. 2).

---

[1] The documents are Appendix A to this letter motion; Fordyce's memo is D220; Hersch's redacted analysis is D221-224 (which has been filed under seal (see ECF No. 53, January 11 Order granting motion to seal)).

[2] Magill, who passed away in late 2019, had been listed as a witness in Defendants' original 2018 disclosures.

[3] In part this was due to settlement discussions (ECF No. 33), the pandemic and then Hersch's medical condition.

Hon. Sanket J. Bulsara
Page 2

**Legal Standard: Motion for Reconsideration**

To warrant reconsideration, a party must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Local Civil Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should be granted [] when the defendant identifies [] '. . . the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (internal citations and quotations omitted). Courts may also reconsider an order where there was "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp.3d 369, 373 (S.D.N.Y. 2014). Defendants respectfully ask the Court to reconsider its Order and find that the two documents and the witness should not be stricken.

> **i.    *The Order Erroneously Found the Evidence Was Untimely Disclosed.***

Per Rule 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner . . . ." The duty to supplement applies to responsive documents that are created after a party has served a response to a discovery request. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76-77 (W.D.N.Y. 2011). The Order errs in finding that (1) the October disclosures of Fordyce and the documents were belated and outside of the discovery window, (Order pp. 2, 3, 5, 7), and (2) the timing of these disclosures was due to Defendants' counsel's "failure to make adequate investigation" of this case, (*id.* p. 3).

The disclosure of the documents (on October 28) and Fordyce as a witness (on October 15) predated the close of discovery (Opp. p. 2).[4] Defense counsel investigated this case and made disclosures per Rule 26(a) in May 2018 based on the information then known to Defendants. At that time, Magill was Rainbow's chief merchandising officer and was properly disclosed (Opp. p. 3). Only in 2020 did Hersch replace Magill after his unfortunate passing (*id.*). During Hersch's October 2020 deposition preparation, counsel discovered that, unlike Magill, Hersch needed more facts to estimate and testify about the financial impact on Rainbow of removing the merchandise at issue, including facts Fordyce supplied (D220 App. A). The Court's striking of Fordyce and the Hersch documents is apparently based on the inaccurate assumption that defense counsel knew this information prior to the May 18, 2020 status conference and would have needed the information had Magill testified. But, that is not so, because of Magill's death and the delay of Hersch's deposition by Plaintiff until September and thereafter until October by his medical condition. As Defendants' counsel's investigation was not inadequate and the disclosures were not untimely, Defendants did not violate Rule 26(a)(1) (*contra* Order pp. 2-5).

The cases cited by the Order are inapposite. In *Faure v. Las Cruces Med. Ctr., LLC*, No. 14-CV-559, 2017 U.S. Dist. LEXIS 150358 (D.N.M. Sep. 15, 2017), the Court precluded a witness because defendant knew of the witness' relevance during fact discovery but only disclosed him pre-trial per Rule 26(a)(3), and found the witness should have been disclosed per Rule 26(a)(1)

---

[4] On May 18, 2020, the Court set a discovery deadline of September 30. On September 15, the Court stayed discovery for 30 days. On October 15, the Court extended the discovery deadline until November 16.

Hon. Sanket J. Bulsara
Page 3

as the party was aware of his relevance earlier. In *Hampton v. Allstate Corp.*, No. 13-CV-0541, 2014 WL 1569239 (W.D. Wash. Apr. 18, 2014)*,* the court struck a new damages claim asserted two months after fact discovery closed and not previously disclosed in violation of Rule 26(a)(1).

> ii.      ***Rule 37 Does Not Permit Striking Evidence Disclosed During Discovery.***

The Court overlooked the controlling law Defendants submitted in their opposition, specifically, the law holding that Rule 37(c)(1) does not permit striking evidence when the disclosures occurred before the discovery deadline (Opp. p. 1, fn. 2); *Emilio v. Sprint Spectrum L.P.*, No. 11-CV-3041 (JPO)(KNF), 2017 U.S. Dist. LEXIS 36924, at *14 (S.D.N.Y. Feb. 1, 2017) (denying motion to strike finding no prejudice where the disclosure was made during discovery); *Sec. & Exch. Comm'n v. CKB168 Holdings Ltd.,* No. 13 CV 5584, 2016 U.S. Dist. LEXIS 63568, at *10 (E.D.N.Y. May 13, 2016).[5] Since the documents at issue did not exist during document production, and the documents and Fordyce were disclosed before the discovery deadline as soon as the documents were created, this evidence was stricken in error.

The cases cited by the Order involved disclosures made on the eve of trial, years after the close of discovery. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006) (Order p. 3). Here, Defendants did not use Rule 26(a)(1) as a "loophole" as the Court suggests (Order p. 2). Rather, Defendants' counsel discovered during deposition preparation that the replacement for a witness who had died during discovery did not have all the facts his predecessor likely knew, and that he needed to make his estimates and refresh his recollection about them in order to testify (Opp. p. 2). The Order appears to overlook the factual circumstances involved here.[6]

Further, the Court lacked an appropriate record to justify striking the documents. Rule 37(c)(1) permits striking evidence that is improperly or belatedly disclosed when a party tries to use that evidence "on a motion, at a hearing, or at a trial . . . ." A factor to be considered when determining whether to preclude evidence is the importance of the evidence sought to be precluded. *Espiritu v. Hartman*, No. 16-CV-04623 (CBA) (SJB), 2020 U.S. Dist. LEXIS 3054, at *18-*19 (J. Bulsara) (E.D.N.Y. Jan. 8, 2020). The Court here did not have the opportunity to analyze this factor, since it had not seen the documents, or know what Fordyce's and Hersch's testimony about them would be. Since the Order was based on the content of the documents and testimony that had not been elicited (Order p. 5), Defendants submit that the Court erred in preemptively striking the documents and precluding testimony without reviewing their contents.

> iii.      ***The Order Overlooked Plaintiff's Deposition Notice and FRE 612.***

Plaintiff's deposition notice to Magill required production of "**any documents reviewed in preparation for defendant's deposition.**" (See App. B). Further, FRE 612 provides, "where a writing is used to refresh a witness' memory prior to testifying …. an adverse party is entitled to

---

[5] Had the depositions occurred in February or September, the need for Fordyce's memo and Hersch's analysis would have become evident and the documents would have been created and produced at that time (Opp. 3).

[6] The Order also implies that Defendants knew of the need for the documents at the May 18, 2020 status conference (Order p. 2). Defendants did not know Hersch would need the Fordyce data or Hersch's documents until he was preparing for deposition in October after his September deposition was delayed for medical reasons (Opp. p. 2).

Hon. Sanket J. Bulsara
Page 4

have the writing produced at the hearing, to inspect it, to cross-examine the witness about it…." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997) (applying FRE 612 to deposition testimony). Hersch used Fordyce's one page inventory to estimate the potential lost revenue, which he then explained in a "memo" to himself that was intended to refresh his recollection and prepare him for deposition. As Defendants properly produced the documents per the deposition notice, Rule 26, and FRE 612,[7] they submit that the Court erred in striking same.

### iv.    In Error, the Court Overlooked Proof That Plaintiff Did Not Suffer Prejudice.

The Order noted two exceptions to the rule that evidence should be excluded when a party fails to timely disclose same:[8] (1) when the failure to disclose is substantially justified, and (2) when the nondisclosure is harmless (Order p. 4); *see also Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 158-59 (S.D.N.Y. 2012) ("[h]armlessness means an absence of prejudice") (Opp. p. 1).[9] But the Order overlooked law that preclusion is a "drastic remedy," and should only be imposed in rare situations where the party's conduct represents *flagrant bad faith* and *callous disregard* of the Rules. *Pollack v. Safway Steel Prods.*, No. 03 Civ. 4067 (WCC), 2007 U.S. Dist. LEXIS 24746, at *14 (S.D.N.Y. Mar. 30, 2007) (striking witness is too harsh a penalty for belated disclosure - Court re-opened discovery for limited purpose) (internal citations omitted); *Boyde v. Monroe Cnty.*, No. 08-CV-6242, 2011 U.S. Dist. LEXIS 108452, at *10-*12 (W.D.N.Y. 2011) (preclusion not appropriate where court could grant a continuance by re-opening discovery). Here, the drastic remedy of preclusion is not warranted (Opp. p. 1). The Court based the decision to strike in part on the inaccurate assertion that "Fordyce was not disclosed in a timely fashion, well after the time for fact discovery had passed" (Order p. 4). As shown in subsection (i), Fordyce was disclosed as soon as Hersch discovered he needed more factual information to prepare his estimates to prepare for deposition, and that disclosure was made before the discovery deadline. As the documents were not preexisting, any prior failure to disclose them was "substantially justified."

The Court further found that prejudice to Plaintiff "exists aplenty" because the evidence here was "disclosed well after fact discovery has [sic] closed," and that Plaintiff will incur time and expense of taking the deposition of another witness, which "delay, cost and a moving target of a defense" cannot be alleviated by a short continuance (Order p. 4). Plaintiff's counsel is not prejudiced by the disclosure of Fordyce or Hersch's notes just before Hersch's deposition as, contrary to the Order's assertions, Defendants' defenses here have not changed, the only addition in Fordyce's memo and Hersch's analysis is that they marshal the specific data associated with Defendants' economic defense. Further, Fordyce's deposition should be brief if and limited to his testimony about the inventory in his one page memo. The Order thus should be reconsidered

---

[7] If Defendants had withheld the documents, upon Plaintiff's counsel asking Hersch at deposition if he had reviewed any documents to prepare, Hersch would have properly responded in the affirmative, and Plaintiff's counsel would likely have demanded their production. Defendants then would have been subject to a possible motion to compel.

[8] Defendants do not concede that their disclosures were untimely. See sections i-ii.

[9] The Court of Appeals considers the following when determining whether to preclude documents/testimony: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (internal quotations and citation omitted). The Order did not consider these.

Hon. Sanket J. Bulsara
Page 5

because it overlooked the applicable law (by applying an extreme remedy of preclusion) and that Defendants disclosed the witness and documents before the discovery deadline as soon as they were created, so Plaintiff suffered no prejudice thereby (Opp. p. 2). Striking Fordyce as a witness now may prejudice Defendants if Plaintiff argues that Hersch should be precluded from using Fordyce's data without Fordyce's testimony. The Order is premised on an incorrect assumption that the documents existed prior to October 28 – the date they were produced. Rule 26(e) applies to documents or evidence created during the course of discovery. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76-77 (W.D.N.Y. 2011). The documents were properly disclosed when they were created prior to the close of discovery.

### v.      *The Documents Are Not Improper Lay Witness Opinion Testimony.*

The Order erroneously characterized and struck the documents as improper lay witness opinions submitted in lieu of expert testimony/opinion (Order pp. 5-7). But the Court decided this based on documents it had not reviewed and as to which no witness had testified (Order p. 6). The documents are not expert testimony (App. A). They consist of (1) an inventory of racks and merchandise that a layperson could create by visiting the store and taking measurements; and (2) a basic analysis of the financial impact on the store of removing these racks and inventory (App. A). Contrary to the Order's assumptions, the documents contain factual information that could be understood by a layperson. Interpreting *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005), relied on by the Order, courts determine whether testimony is that of a layperson *after* reviewing the testimony (and any relevant documents). *United States v. Galanis*, 758 Fed. Appx. 71, 74 (2d Cir. 2018). The Court erred in striking the documents without reviewing or allowing testimony about them - without this review, one cannot conclude that they are not the product of everyday reasoning processes. Further, the cases from other Circuits cited by the Order are inapposite. *See A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.,* No. 17-24223, 2018 U.S. Dist. LEXIS 192103 (S.D. Fl. Nov. 9, 2018) (granting pre-trial motion in limine to exclude a lay witness's spreadsheets and testimony because they "required a specialized understanding" and included a breakdown of "hundreds of line items . . . the percentage of completion, the percentages paid . . . the schedule of values, the [] value of work completed, and the amount paid to the subcontractor."). There has been no testimony on the methods used in Hersch's calculations and the analysis involved is not as complicated as that in *Smith v. Sears Roebuck & Co.*, No. CIV-04-1271-HE, 2006 U.S. Dist. LEXIS 117585, at *3-*4 (W.D. Ok. Jan. 9, 2006), where the court reserved decision on whether to strike a non-employee witness offered to testify as a professional engineer to be treated via motion in limine or at trial. Here, the Court struck documents without reviewing them or testimony about them. The drastic remedy of striking evidence should be reserved for a motion in limine at trial. Defendants respectfully request that the Court grant Defendants' motion to reconsider and allow Hersch and Fordyce to be deposed about the documents without limitation. We thank the Court for reconsidering its Order.

Respectfully,

*/s/Eric D. Witkin*
Eric D. Witkin

Encls.
cc:      All counsel of record (via ECF)

# Appendix A

The unredacted version of D221-224 has been filed under seal and should remain under seal per the Court's January 11, 2021 Order (see ECF No. 53, January 11, 2021 Order granting motion to seal).

# *Rainbow*

Date:   10-27-2020

To:  Jonathan Hersch
Re:  Irish v. Rainbow

Jonathan,
As you requested, I walked Store #19 at 493 Fulton St. Brooklyn, NY this morning.
To maintain 36" around all floor fixtures, we would need to remove the following from the sales floor.

FIRST FLOOR (Juniors clothing)
28 4-ways.  (Each 4-way holds 96 garments)
9 Rounders (Each rounder holds 240 garments)

SECOND FLOOR (Plus sizes)
14 4-ways
13 Rounders

THIRD FLOOR (Shoes)
10 Shoe gondolas (Each gondola holds 80 pairs)

FOURTH FLOOR (Kids)
21 4-ways
14 rounders

The total fixture count (by floor) before removing the above mentioned quantities, were the following.

FIRST FLOOR
78 4-ways
26 Rounders

SECOND FLOOR
57 4-ways
33 Rounders

THIRD FLOOR
77 Shoe fixtures

FOURTH FLOOR
45 4-ways
39 Rounders

Best Regards
Steven Fordyce

CONFIDENTIAL                                                                                    D000220

STORE 19



| | YTD AUG 2020 | % to Sales | YTD AUG 2019 | % to Sales | | YTD 2019 | % to Sales | YTD 2018 | % to Sales |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL STORE EXPENSES | | | | | | | | | |
| NET OPERATING INCOME | | | | | | | | | |
| NON-OPERATING INCOME<E | | | | | | | | | |
| MANAGEMENT FEES | | | | | | | | | |
| PROFIT<LOSS> | | | | | | | | | |

CONFIDENTIAL

STORE 19
confidential privileged



| | YTD AUG 2020 | % to Sales | YTD AUG 2019 | % to Sales | **PROFORMA** YTD 2019 | % to Sales | YTD 2018 | % to Sales | reduction |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL STORE EXPENSES | | | | | | | | | |
| NET OPERATING INCOME | | | | | | | | | |
| NON-OPERATING INCOME<E | | | | | | | | | |
| MANAGEMENT FEES | | | | | | | | | |
| PROFIT<LOSS> | | | | | | | | | |

**Store 19 Analysis - 2019**

10/28/2020

| Year | Sales | GM$ | GM% | Op. Income | Inc Sales v LY | Inv Inc v LY | | Rent |
|------|-------|-----|-----|-----------|----------------|--------------|--|------|
| **2019** | | | | | | | | |
| **2018** | | | | | | | | |
| **2017** | | | | | | | | |
| **2016** | | | | | | | | |
| **2015** | | | | | | | | |
| **AVG** | | | | | | | | |

Historical Turns

**2019**

| Month | Sales | EOM |
|-------|-------|-----|
| JAN | | |
| FEB | | |
| MAR | | |
| APR | | |
| MAY | | |
| JUN | | |
| JUL | | |
| AUG | | |
| SEP | | |
| OCT | | |
| NOV | | |
| DEC | | |
| JAN | | |
| TOTAL | | |
| Turn | | |
| Avg. Turn | | |
| Avg. Inv | | |

**2018**

| Month | Sales | EOM |
|-------|-------|-----|
| JAN | | |
| FEB | | |
| MAR | | |
| APR | | |
| MAY | | |
| JUN | | |
| JUL | | |
| AUG | | |
| SEP | | |
| OCT | | |
| NOV | | |
| DEC | | |
| JAN | | |
| TOTAL | | |
| Turn | | |

**2017**

| Month | Sales | EOM |
|-------|-------|-----|
| JAN | | |
| FEB | | |
| MAR | | |
| APR | | |
| MAY | | |
| JUN | | |
| JUL | | |
| AUG | | |
| SEP | | |
| OCT | | |
| NOV | | |
| DEC | | |
| JAN | | |
| TOTAL | | |
| Turn | | |

**2016**

| Month | Sales | EOM |
|-------|-------|-----|
| JAN | | |
| FEB | | |
| MAR | | |
| APR | | |
| MAY | | |
| JUN | | |
| JUL | | |
| AUG | | |
| SEP | | |
| OCT | | |
| NOV | | |
| DEC | | |
| JAN | | |
| TOTAL | | |
| Turn | | |

**2015**

| Month | Sales | EOM |
|-------|-------|-----|
| JAN | | |
| FEB | | |
| MAR | | |
| APR | | |
| MAY | | |
| JUN | | |
| JUL | | |
| AUG | | |
| SEP | | |
| OCT | | |
| NOV | | |
| DEC | | |
| JAN | | |
| TOTAL | | |
| Turn | | |

**Proposed removal to accommodate 36" around all floor fixtures**

| First floor | QTY | Units per | Total Units |
|-------------|-----|-----------|-------------|
| 4-Ways | 28 | 96 | 2688 |
| Rounder | 9 | 240 | 2160 |
| | | | |
| **Second Floor** | | | |
| 4-Ways | 14 | 96 | 1344 |
| Rounder | 13 | 240 | 3120 |
| | | | |
| **Third Floor** | | | |
| Shoe - Gondolas | 10 | 80 | 800 |
| | | | |
| **Fourth Floor** | | | |
| 4-Ways | 21 | 96 | 2016 |
| Rounder | 14 | 240 | 3360 |
| | | **TOTAL** | 15488 |

**Current On Hand**

96763

**Proposed Removal**

15488

**% Cut**

16.0%

**At Projected Cuts - projected 2019**

Sales at Avg. Turn

Avg inventory



Sales at Avg. Turn

Margin at Avg. Margin

Avg. Inventory Reduction

Operating Income

D000223

**2020 - YTD (through August)**

10/28/2020

Sales
GM$
GM%
Op Income



Adj. Sales
Adj. GM$
Adj. GM%
Op Income

**Expected Sales loss from inventory reduction**

**AVG Sales**



**Sales with 36" Clearance**

**Variance $**

**Variance %**

CONFIDENTIAL

D000224

# **Appendix B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

KELLY IRISH,                                    **Docket: 1:18-cv-00082-PKC-SJB**

                              Plaintiff,

                                                **NOTICE OF**
           -against-                            **DEPOSITION**

TROPICAL EMERALD LLC AND CHAPS, INC.

----------------------------------------------------------x
                              Defendants.

### NOTICE TO TAKE DEPOSITION

     **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff will take the deposition upon oral examination of Thomas Magill from defendants before a Notary Public of the State of New York, or other person so qualified to act, at the offices of Parker Hanski LLC, beginning on May 30, 2019 at 10:00 a.m. with respect to evidence material and necessary in the prosecution of this action.

     PLEASE TAKE FURTHER NOTICE that Thomas Magill from defendant is required to produce at said deposition any and all original documents, records, reports, books, statements, recordings, and photographs relevant to the facts and circumstances referred to in the Complaint, as well as any documents reviewed in preparation for defendant's deposition.

DATED:     May 8, 2019
            New York, New York

                    **PARKER HANSKI LLC**
                    Attorneys for Plaintiff

               By:_____/s/_____
                    Glen H. Parker, Esq.
                    40 Worth Street, 10th Floor
                    New York, New York 10013
                    Telephone: (212) 248-7400
                    Facsimile: (212) 248-5600
                    Email:ghp@parkerhanski.com

**TO ALL DEFENDANTS VIA EMAIL:**

Eric D. Witkin, Esq.
Attorney for Defendants
900 Third Avenue
New York, NY 10022-3298
212-497-8485
646.417.7546 fax
EWitkin@littler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2019 the foregoing document entitled "Plaintiff's Notice of Deposition" was served in accordance with the Federal Rules of Civil Procedure and/or the Southern and Eastern District's Local Rules upon the all the attorneys for the defendants in the above-entitled action by electronic mail.

DATED:     New York, NY
              May 8, 2019


By: _____/s/_____
            Glen H. Parker, Esq.