# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600
Contact@ParkerHanski.com

February 4, 2021

Via ECF
The Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court

           **Re:**    *Kelly Irish v. Tropical Emerald LLC and Rainbow USA, Inc.*
                  **Docket No. 1:18-cv-00082-PKC-SJB**

Dear Judge Bulsara:

      We represent the plaintiff in the above-entitled action. We write to respectfully ask the Court to deny Defendants' motion for reconsideration of Your Honor's December 23, 2020 Order ("Order"). As explained below, Defendants' motion for reconsideration must be denied because it rehashes arguments already made and rejected; submits additional documents for consideration that could have been submitted during the underlying motion practice; and advances new arguments that could have been made earlier. These tactics are improper in a motion for reconsideration and warrant a denial of the motion. But even if these new arguments or documents were considered, none of them justify reversal of the Order.

## Standard of Review

      The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2nd Cir. 1995). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2nd Cir. 2012).

      The Second Circuit Court of Appeals has held that "the major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992).

## Defendants identify no valid ground(s) to justify reconsideration

      The first major ground justifying reconsideration is an intervening change in controlling law. *Id.* Defendants, however, identify no "intervening change of controlling law" to justify reconsideration of the Order. The second major ground justifying reconsideration is the availability of new evidence*. Id.* But for evidence to be considered "newly available," it must be

"evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 Fed.Appx. 76, 81 (2nd Cir. 2012). Again, Defendants' motion papers identify no qualifying "newly available" evidence from which to justify reconsideration of the Order.

Finally, the third major ground justifying reconsideration is the "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, *supra,* 956 F.2d at 1255. Establishing a "clear error of law" or "manifest injustice" is a demanding standard:

> It is not enough ... that [the moving party] could now make a more persuasive argument .... Mere doubt on our part is not enough to open [up] the point for full reconsideration. The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated.

*United States v. Alberto Bocio*, 105 F. Supp. 2d 1, 2 (N.D.N.Y. 2000). "A simple difference of opinion, no matter how deep it runs, will not warrant reconsideration." *Id.* Defendants' papers merely bicker with Your Honor's analysis and advance no basis to satisfy the demanding "clear error of law" or "manifest injustice" standard for granting a motion for reconsideration. *See e.g. Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargued the points it made during the initial briefing and ... explained to the Court how its analysis is erroneous").

**Defendants brazenly violate the rules for reconsideration**

Here, Defendants' reconsideration motion requests that the Court consider two documents that were not provided to the Court in the underlying discovery motion. Specifically, Defendants attach: i) plaintiff's May 8, 2019 Notice of Deposition for Thomas Magill, a witness now deceased; and ii) documents containing an impact analysis created by the Defendants' employees at the request of defense counsel. Defendants' submission of this additional evidence is not permissible and cannot be considered by the Court. *See Chow v. SentosaCare, LLC*, 2020 WL 5623976, at *5 (E.D.N.Y. July 21, 2020) ("Submitting additional evidence is not permitted on reconsideration; such a motion is limited to matters the court overlooked, not an opportunity to reargue or add additional facts or record evidence that could have been brought forward earlier.").

There is no dispute that these attached documents existed before the underlying discovery dispute motion practice. Nor can there be any dispute that Defendants could have easily provided these documents during the underlying motion practice. But the Defendants chose not to do so. Having failed to provide, or even attempt to provide, the Court with these documents during the underlying motion practice, Defendants cannot now submit these documents for consideration on a motion to reargue. *See Shaoxing Daqin Import & Export Co., Ltd. v. Notations, Inc.*, 2020 WL 364567, at *3 (S.D.N.Y. Jan. 22, 2020) (holding because the defendant "appears to have long had access to the documents it now sets forth [in its motion for reconsideration]", those documents cannot be used on a motion for reconsideration to "plug[ ] the gaps of a lost motion with additional" evidence).

Equally improper is the Defendants' tactic of advancing new arguments that could have and should have been raised in the underlying discovery motion. Specifically, Defendants advance the following new arguments:

i. on Page 3 of Defendants' motion that "the Court lacked an appropriate record to justify striking the documents", "the Order Overlooked Plaintiff's Deposition Notice", "the Court overlooked the controlling law Defendants submitted in their opposition, specifically, the law holding that Rule 37(c)(1) does not permit striking evidence when the disclosures occurred before the discovery deadline";

ii. on Page 4 of Defendants' motion that "Plaintiff's Counsel is not prejudiced by the disclosure… Defendant's defenses here have not changed, the only addition in Fordyce's memo and Hersch's analysis is that they marshal the specific data associated with Defendants' economic defenses. Further, Fordyce's deposition should be brief if and limited to his testimony about the inventory in his one-page memo."; and

iii. on Page 5 of Defendants' motion the entire argument in "The Documents Are Not Improper Lay Witness Opinion Testimony".

A motion for reconsideration "not a 'proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion, nor is it proper to raise new arguments and issues in a motion for reconsideration.'" *U.S. v. McKesson Corp*., 2019 WL 2717104, at *1 (E.D.N.Y. June 28, 2019) quoting *Henry v. All for Health, Inc*., 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (citations omitted)). Accordingly, "[w]hatever the merits or weight such evidence, new evidence or new argument is not a basis to grant reconsideration." *See Chow v. SentosaCare, LLC*, *supra*, 2020 WL 5623976 at *5.

**<u>Defendants' arguments fail on the merits</u>**

Defendants' October 2020 disclosures were untimely because, for among other reasons, plaintiff's September 2018 discovery demands explicitly requested this information and documentation inclusive of documents pertaining to merchandise displays, sales volume, sales revenue, profit and loss, amount and diversity merchandise on rainbows sales floor etc. See Exhibit "4" to plaintiff's October 29, 2020 motion to strike. As of September 2018, defense counsel had an obligation to investigate and timely provide documents. On November 5, 2018, Defendants, by defense counsel, issued a response to plaintiff's request for documents wherein Defendants stated that they "have no documents at this time which analyze 'the impact on the defendant from making all the pathways in Rainbow Shops compliant…' Such documents may be prepared in connection with settlement discussions and/or expert discovery." *Id.*, Response to Request No. #4. Defendant's response is also very telling because they admit that documentation analyzing the impact on Defendants would qualify as "expert discovery".

Nor did the passing of witness Thomas Magill in 2019 change anything concerning the failure to timely disclose or investigate this action. Defense counsel's new factual contention concerning Thomas Magill unique knowledge cannot and should not be considered in its motion to reconsider as it was not provided to the Court in the underlying motion practice. Specifically, defense counsel now claims for the first time that he "discovered that, unlike [Thomas] Magill, Hersch needed more facts to estimate and testify about the financial impact …" Compare

Defendants' motion for reconsideration, page 2, 3rd paragraph, lines 5-8, with Defendants' November 4, 2020 opposition

If Thomas Magill truly possessed such specialized and technical information, then Defendants and defense counsel would have immediately realized in 2019 that they needed to disclose a new witness(es) and/or documentation to provide the same evidentiary information that Thomas Magill possessed. This claim of Mr. Magill possessing such information is highly doubtful because Defendants never mentioned it in their November 4, 2020 opposition letter and never produced documentation created by Thomas Magill, let alone any documents showing that he had personal knowledge of the impact analysis.

Contrary to Defendants' disclosure position, preparing a corporate client's employee for a fact witness deposition (as opposed to a Rule 30(b)(6) deposition) is not the time to determine whether a corporate defendant has employees with knowledge of a subject matter relevant and important to the Defendants' defenses. Defendants' self-serving disclosure standard severely undermines the ability to timely complete discovery, which is exactly what is happening now.

The applicable standard here is Rule 26, which requires the parties to investigate their claims and/or defenses early in the litigation and make Initial Disclosures identifying witnesses supporting those claims and/or defenses. Rule 26 also obligates a party to "supplement or correct its disclosure or response ... in a **timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A) (emphasis added). Accordingly, even if the Court accepts Defendants new factual allegation concerning Thomas Magill's specialized and technical knowledge, then Defendants had an obligation to make an expert disclosure or, at a bare minimum, supplement or correct their discovery disclosures in 2019 when Mr. Magill passed away.

Moreover, FRE 612 is not applicable because the impact analysis is not being used to refresh the witness' memory of something he once knew in the normal course of business. It is a well-established that admissible "refreshed recollection" testimony must be narrowly curtailed to the scope of what the witness whose recollection was refreshed *actually recalls*. *See Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 594 (S.D.N.Y. 2010) (after being presented with a document to refresh recollection, a witness may only testify to matters about which "the witness actually has a present recollection"); and *United States v. Scott*, 701 F.2d 1340, 1346 (11th Cir. 1983) (noting that after Fed. R. Ev. 612 refreshing, witnesses are "permitted to testify only as to what they independently remembered"). The situation here is not of a witness who once had knowledge of something and now cannot recall it. Rather, Defendants are improperly trying to use FRE 612 to sneak in a made for litigation expert opinion testimony and report under the guise of refreshing a recollection.

Finally, Defendants cannot now make an argument that "the documents are not improperly witness opinion testimony". See page 5 of Defendants' motion for reconsideration. Defendants also improperly cite to caselaw predating the Order that they did not cite to in their

underlying motion papers – *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.* and *Smith v. Sears Roebuck and Co.*

Even on the merits, the Court properly determined that the hypothetical impact analysis documents are improper lay witness testimony. Disclosed witness Jonathan Hersch admittedly lacked personal knowledge sufficient to testify on this topic. The fact that defense counsel had to recruit two different employees to obtain data, analyze it and then draft a hypothetical impact analysis more than demonstrates that no layperson could possibly create the same impact analysis.

Plaintiff's motion and Defendants' response thereto provided all the information needed for the Court to make the determination. The underlying motion papers informed the Court that "these documents refer to inventory, margins per unit, historical turns, merchandise displays, monthly sales, and unit counts of merchandise … the analysis refers to "Historical Turns", "EOM", "GM$", "GM%", "Op. Income", "Inc Sales v LY", "Inc Inv v LY", "Sales at Avg. Turn", "4-Ways", "Rounder", "Variance" etc. Further evidence that the impact analysis contained specialized and technical knowledge not understood by a lay person was the fact that defendants had to submit a document explaining seventeen (17) terms utilized in the impact analysis. See attachment (ECF Dock. 46-1) to Defendants' November 4, 2020 response.

The impact analysis documents submitted with Defendants' motion for reconsideration do not change the analysis or conclusion reached by the Court. The terms used in the impact analysis documents are industry jargon and shorthand expressions unfamiliar to a layperson. And the multifactor analysis and conclusions reached in the impact analysis documents are beyond the reasonable knowledge of a layperson and easily qualify as expert testimony. The impact analysis documents are a quintessential expert opinion work product requiring a highly specialized and technical knowledge of financial retail analysis with geometry calculations of the various possible configurations of squares and circles (display racks) inside a rectangular space.

The issue here is not whether the Defendants can make such a disclosure. They can. But if Defendants are going to make such a disclosure, then they are required to do so timely and compliant with the requirements for expert disclosures under Rule 26(a)(2)(B). Defendants did neither and were properly excluded.

For all the above reasons, plaintiff respectfully asks the Court to deny Defendants' motion. Thank you for your time and attention to this matter. With kindest regards, I am

        very truly yours,

        /s/
        Glen H. Parker, Esq.