UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KELLY IRISH,

                        Plaintiff,

              - against -

TROPICAL EMERALD LLC and RAINBOW
USA, INC.,

                     Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-82 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

      Pending before the Court is the objection of Tropical Emerald LLC and Rainbow USA,

Inc. ("Rainbow") (collectively, "Defendants") to the Honorable Sanket J. Bulsara's December 14,

2021 order ("December 2021 Order") granting Plaintiff Kelly Irish's motion to strike the

declaration of Jonathan Hersch submitted in support of Defendants' motion for summary

judgment. For the following reasons, Judge Bulsara's order is affirmed in part and modified in

part.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts and procedural history of the case

and only recites the background relevant to Defendants' pending objection.

### I.      Plaintiff's Claims

      Plaintiff brought this action on January 5, 2018, alleging violations of the Americans with

Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* "and its implementing regulations" by

Defendants. (*See* Complaint, Dkt. 1, ¶ 1; *see also* Amended Complaint, Dkt. 26, ¶ 1.) Plaintiff

seeks, on behalf of herself and all others similarly situated, a mandatory injunction to require 36-

inch wide aisles between the merchandise racks at Defendant Rainbow's clothing store ("Store"). (Complaint, Dkt. 1, ¶ 24.)

## II.      Jonathan Hersch's Role in The Case

Jonathan Hersch is employed by Defendant Rainbow as the Vice President of planning and allocations.  (Declaration of Jonathan Hersch ("Hersch Decl."), Dkt. 83-3, ¶ 2.)[1]  Hersch has approximately 20 years of experience in the retail industry as a merchandise planning specialist. (*See id.*, ¶ 3.)  Before being promoted to his current position in "late 2019," Hersch had been Rainbow's director of planning and allocations since 2017.  (*Id.* ¶ 2.)  Prior to joining Defendant Rainbow, Hersch was the Vice President of planning and allocations for a "large chain of specialty women's stores and [an] e-commerce brand" between 2013 and 2017, and the Director of merchandising and planning of retail for a "large wholesaler and retailer of intimate apparel" between 2002 and 2013.  (*Id.* ¶ 3.)

Defendants disclosed Hersch as a fact witness before close of discovery, in February 2020, "as the replacement witness for Thomas Magill," Defendant Rainbow's "deceased former chief merchandising officer."  (Dkt. 62, at 1.)  Hersch "work[s] within Rainbow's planning and allocation department whose primary function is to determine which products go to which Rainbow stores and how the goods flow through Rainbow's Brooklyn warehouse." (Hersch Decl., Dkt. 83-3, ¶ 2.)  Hersch "visit[s] Rainbow stores to understand how products are displayed and manage[s] the merchandise that is displayed in the stores."  (*Id.*)  Hersch also "review[s] the performance of stores based on sales, margins, and how quickly the store sells merchandise."  (*Id.* ¶ 6.)

---

[1] Defendant filed the same Hersch declaration twice.  (*See* Dkt. 75-1; 83-3.)

Plaintiff deposed Hersch on February 11, 2021.  (*See* Dkt. 75-3.)  By then, Hersch had visited the Store in February 2020 and "determined that there was no room in which to put any more merchandise racks or displays into the Store."  (Hersch Decl., Dkt. 83-3, ¶ 7.)  On October 21, 2021, Defendants served on Plaintiff their motion for summary judgment, which included a declaration by Hersch.  (*See* Dkt. 74.)  The information in Hersch's declaration is based on a new, post-deposition visit to the Store on September 21, 2021.  (*See generally* Hersch Decl., Dkt. 83-3.)  Based on measurements, estimations, and calculations Hersch undertook during and after his September 2021 visit to the Store, his declaration "estimates how many moveable racks would have to be removed if permanent racks were installed with 36-inch wide aisles[,] . . . the resulting percentage of the Store's merchandise that would be removed[,] and the Store's revenue that would be reduced."  (Defendants' Objection ("Defs' Obj."), Dkt. 83-1, at 2.)

## III.    Judge Bulsara's Prior Orders

### A.    Order Granting Limited Extension of Fact Discovery

Fact discovery in this case closed on May 8, 2020, over two years after the case was commenced.[2]  *See Irish v. Tropical Emerald LLC*, No. 18-CV-82 (PKC) (SJB), 2021 WL 1827115, at *2 (E.D.N.Y. May 6, 2021).  However, due to the challenges faced by the parties in completing discovery during the COVID-19 pandemic, Judge Bulsara permitted additional "fact discovery for a limited purpose" to allow the parties to take depositions, "including of Hersch and previously identified witnesses."  *Id.*  Judge Bulsara therefore extended fact discovery to September 30, 2020 (*see* 5/18/2020 Minute Entry and Order), but *only* to allow the parties to conduct four depositions—Defendants' deposition of Plaintiff and Plaintiff's depositions of Defendants' three fact witnesses

---

[2] The Court addresses Defendants' argument that Judge Bulsara extended *all* fact discovery through November 2020 below.

(Transcript of May 18, 2020 Status Conference ("May 2020 Tr."), Dkt. 66, 6:22–7:6).  *See Irish*, 2021 WL 1827115, at *2.  Judge Bulsara further extended this deadline two times at the parties' requests.  On September 15, 2020, at Defendants' request, Judge Bulsara stayed all discovery for 30 days to allow defense counsel time to resolve whether they would need to withdraw as counsel.  (*See* 9/15/2020 Minute Entry and Order; Transcript of September 15, 2020 Status Conference ("Sept. 2020 Tr."), Dkt. 67,  18:13–23:12).  At that time, there were three depositions remaining to be completed: the ones of Plaintiff and two defense fact witnesses, including Hersch.  (*See generally* Sept. 2020 Tr., Dkt. 67, 2:16–14:12.)  On October 15, 2020, Judge Bulsara lifted the stay and extended the deadline to complete the remaining depositions to November 16, 2020 (*see* 10/15/2020 Minute Entry and Order), observing that "this case has been pending for an inordinate amount of time" (Transcript of October 15, 2020 Status Conference ("Oct. 2020 Tr."), Dkt. 37, 7:1–2).[3]

## B.      Order Striking Fordyce As a Witness and Precluding Documents

With these extensions, the parties proceeded with Hersch's deposition.  When preparing Hersch for his deposition scheduled for October 29, 2020, "defense counsel realized that Mr. Hersch needed information to assess the potential impact on the store of implementing plaintiff's claim that 36-inch wide aisles were required around every rack of clothing on the floors of Defendants' store."  (Dkt. 46, at 2.)  Hersch identified Stephen Fordyce, Defendant Rainbow's employee, "as the best person to get the information [Hersch] needed," and Fordyce prepared "a one-page memorandum [(the "Fordyce Memo")] that" Hersch "reviewed to prepare for his testimony."  (*Id.*)  Based on the Fordyce Memo, Hersch "prepared an analysis of the adverse

---

[3] Notably, Judge Bulsara "extended the fact discovery deadline eight times" in this case. *See Irish*, 2021 WL 1827115, at *5.

financial impact of that merchandise removal" (the "Financial Calculations Memo").  (*Id.*) Defendants disclosed Fordyce as a witness on October 22, 2020—over five months after fact discovery had closed—and produced both documents to Plaintiff on October 28, 2020, ahead of Hersch's deposition.[4]  (*Id.*; Dkt. 41, at 1.)  Plaintiff moved to strike Fordyce as a witness, and to strike and preclude the Fordyce Memo and the Financial Calculations Memo (collectively, the "Memos").[5]  (*See* Dkt. 41.)

On December 23, 2020, Judge Bulsara issued an order striking Fordyce as a witness and precluding consideration of the Memos.  (*See generally* December 2020 Order, Dkt. 48.)  Judge Bulsara noted that the deadline for initial disclosures had been May 16, 2018 and found that Defendants had "no reason" "for failing to make adequate investigation and disclos[ing] [Fordyce] well before October 2020."  (*Id.* at 3.)  Judge Bulsara held that Defendants' untimely disclosure of Fordyce as a fact witness violated Rule 26(a)(1) of Federal Rules of Civil Procedure, and precluded Fordyce's testimony under Rule 37(c)(1).  (*Id.* at 3–4.)  Judge Bulsara similarly precluded the Memos because they were "produced well after this case was filed," "prepared ostensibly for the purpose of litigation, as opposed to in the ordinary course of Defendants' operations," and "provided opinion testimony, not factual recitations."  (*Id.* at 5.)  Judge Bulsara held that the opinions contained in the Memos were not lay witness opinions and, even if they were, "the failure to disclose" them "during the fact discovery phase of the case, in response to document requests that asked for such documents," would require the documents to be stricken.  (*Id.* at 5–7.)

---

[4] The deposition did not take place as scheduled because, in response to the untimely disclosure of Fordyce and the two documents Hersch intended to rely on at his deposition, Plaintiff canceled the deposition and moved to strike.  (Dkt. 62, at 1.)  As discussed above, Hersch was ultimately deposed on February 11, 2021.

[5] Plaintiff also moved to strike another new fact witness, Dominic Marinelli, not relevant to the Court's discussion here.  (*See* Dkt. 41.)

### C.      Order Denying Motion to Reconsider

Defendants filed a motion to reconsider, asserting that Judge Bulsara erred in multiple ways.  (*See* Dkt. 62.)  Among other things, Defendants argued that (1) Judge Bulsara "extended the discovery deadline until November 16[, 2020]" and "Rule 37(c)(1) does not permit striking evidence when the disclosures occurred before the discovery deadline," and (2) Plaintiff suffered no prejudice from the Memos because "[t]he documents were properly disclosed when they were created prior to the close of discovery" and given that "the documents were not preexisting, any prior failure to disclose them was substantially justified." (*Id.* at 2–5 (internal quotation marks omitted).)

Judge Bulsara denied Defendants' motion to reconsider.  *See Irish*, 2021 WL 1827115, at *8.  Judge Bulsara reiterated that by October 2020, "fact discovery had been closed for several months, except for the very limited purpose of conducting the depositions identified by the parties at the May 18, 2020 conference."  *Id.* at *2.  Judge Bulsara explained that, under Rule 37(c)(1), a party is not allowed to use information it failed to provide in a timely manner unless the failure was substantially justified or harmless.  *Id.* at *5.  Judge Bulsara therefore found that "both memos should have been produced during the period in which documents were exchanged," but were not—"[i]n 2018, Defendants were asked for all documents that analyze the financial impact of ADA compliance . . .  and they said they had no such documents."  *Id.*  And Defendants did not make a timely supplemental disclosure of the documents because, while the documents may have been created "on the eve of Hersch's deposition" as Defendants claimed, *id.*, "Defendants should have asked Hersch well before a few days before the deposition what documents he was going to use and rely on," and "had it within their power to collect all evidence required to defend their claims, but chose not do so in a timely fashion."  *Id.* at *5 n.4 (brackets and internal quotation marks omitted); *see also id.* at *3 ("[I]nterviewing a witness late in the process does not provide

6

cover for a revised disclosure, because compliance with [Rule 26(a)(1)] turns on whether information was 'reasonably available,' not on *when* a party or counsel chooses to find out the information").

Moreover, Judge Bulsara rejected Defendants' contention that Plaintiff would suffer no prejudice, and observed that Plaintiff "had prosecuted the entire case based on the understanding that there was no document prepared by a fact witness that contained economic analyses." *Id.* at *5. Accordingly, "[e]xtending the fact discovery deadline to accommodate this change in strategy would not cure the prejudice." *Id.*

## IV.   Judge Bulsara's December 14, 2021 Order

On October 22, 2021, pursuant to a scheduling order issued by the Court (*see* 10/22/2021 Docket Order), Defendants served on Plaintiff their motion for summary judgment, which included a declaration by Hersch. (*See* Dkt. 74.)  On the same day, Plaintiff filed a motion to strike Hersch's declaration on the basis that Defendants were violating Judge Bulsara's prior orders that struck Fordyce as a fact witness and precluded the Memos.  (*See* Dkt. 75.)  Plaintiff argued that "well after the close of discovery . . . defense counsel evidently directed Jonathan Hersch to go visit the store on September 21, 2021 . . . in order to have [him] offer testimony . . . that only Steven Fordyce (precluded witness) had personal knowledge of."  (*Id.* at 2.)  Plaintiff asserted that this was an "attempt by defense counsel to do an end run around Magistrate Judge Bulsara's Orders precluding Steven Fordyce as a witness" that "is severely prejudic[ial]" because Plaintiff "has no discovery to rebut this post-discovery and precluded evidence."  (*Id.*)  Plaintiff further argued that "Hersch was not performing his regular job duties when he visited the store and collected data and measurements on September 21, 2021" and that "*Fordyce* is the employee responsible for interior design and/or remodeling."  (*Id.* at 2–3 (emphasis added).)  Finally, Plaintiff asserted that "[t]he impact analysis from Jonathan Hersch is a quintessential expert opinion requiring highly

7

specialized and technical knowledge of financial retail sales analysis along with a mathematical analysis." (*Id.* at 3.)

Defendants filed a response to Plaintiff's motion to strike on October 29, 2021. (*See* Dkt. 77.) Defendants argued that Judge Bulsara's prior orders "did not bar Defendants from using non-Fordyce based evidence from Mr. Hersch (a timely identified fact witness) whom Plaintiff deposed on February 11, 2021," and that "Hersch would have testified to those facts had he been asked about them when he was deposed." (*Id.* at 1, 2.) Defendants asserted that Hersch is a "corporate officer" whose "job duties include allocating merchandise to the Store pursuant to Rainbow's rule that the more merchandise in a store, the greater the revenue," and that Hersch's declaration is "based on his own perceptions and observations, e.g., measurements of the square footage occupied by the existing racks and his estimates of the number of racks (and merchandise on the racks) that would have to be removed to create permanent 36-inch wide aisles between them." (*Id.* at 2.) According to Defendants, Hersch did not offer expert opinion because "[t]hose measurements and estimates can be made by anyone with a measuring tape and a calculator" and Hersch "simply measured the Store to estimate how many racks could fit in the space with wider aisles." (*Id.* at 2–3.) Finally, Defendants asserted that only paragraphs 10–26 of Hersch's declaration were relevant to the dispute between the parties because the remainder of the declaration consists of "general observations on the correlation between reduced merchandise and reduced revenue," which "predated his September 2021 Store visit where he estimated the amount of merchandise rack and revenue reduction based on his observations and measurements." (*Id.* at 2 n.2.)

On December 14, 2021, Judge Bulsara granted Plaintiff's motion to strike because Hersch's "[d]eclaration contains expert opinions from someone not designated as an expert, and

any facts or lay opinions . . . were disclosed long after the deadline for completing fact discovery." *Irish v. Tropical Emerald LLC*, No. 18-CV-82 (PKC) (SJB), 2021 WL 5899048, at *1 (E.D.N.Y. Dec. 14, 2021).  Judge Bulsara noted that "[d]uring discovery, Hersch was disclosed as a fact witness, and not as an expert," and reiterated that the Memos were struck because "they contained expert opinions, not facts (or permissible lay opinion), and could only be offered by properly disclosed expert witnesses (which neither Fordyce nor Hersch was)" and "even if the opinions contained in the document[s] were proper lay opinions of a fact witness, the failure to disclose [them] . . . during the fact discovery phase required that the documents be stricken."  *Id.* at *1–2 (alterations in original) (internal quotation marks omitted).

Judge Bulsara found that Hersch's "[d]eclaration does precisely what the Court already ruled Hersch could not do: provide expert opinion testimony dressed up as a factual observation." *Id.* at *2.  Rejecting Defendants' argument that Hersch can offer this testimony because it is based on his own observations, Judge Bulsara noted that "if Hersch were going to offer lay opinion testimony about financial impact, Defendants would have to establish that Hersch did such financial analysis as a regular part of his job." *Id.*  Judge Bulsara found that Defendants failed to so establish and that Hersch was offering expert testimony.  *Id.*  Even if Hersch's testimony could be accepted as lay opinion, however, Judge Bulsara further opined that "[t]hose facts and lay opinions should have been disclosed before the close of fact discovery," and Hersch's declaration "is based on a site visit conducted . . . over a year after fact discovery closed and after the close of all discovery."   *Id.*  Judge Bulsara also found that Plaintiff would be prejudiced by the Hersch declaration, and granted Plaintiff's motion to strike under Rule 37. *Id.* at *4–5.  Defendants then filed the present objection.  (*See* Dkt. 83.)

## STANDARD OF REVIEW

Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge" and a party objects to the magistrate judge's decision, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered non[-]dispositive" and "usually are committed to the discretion of the magistrate, reviewable by the district court under the clearly erroneous or contrary to law standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (internal quotation marks omitted). "[M]agistrate judges are afforded broad discretion in resolving non[-] dispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New York*, No. 15-CV-5236 (LTS) (KHP), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (alteration in original) (internal quotation marks omitted).

"[H]owever, the imposition of certain sanctions under Rule 37, in some instances, may be considered case-dispositive, requiring *de novo* review." *Thomas E. Hoar, Inc.*, 900 F.2d at 525. "Magistrate judges may recommend—but do not have authority to impose—discovery sanctions that dismiss a claim, preclude an entire defense, or otherwise 'terminate' the action by, for example, striking a pleading entirely or entering a default judgment." *Joint Stock Co. Channel One Russia Worldwide v. Informir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 WL 3671036, at *17 (S.D.N.Y. July 18, 2017) (collecting cases), *report and recommendation adopted*, 2020 WL 1480465 (S.D.N.Y. Mar. 26, 2020); *see also Magee v. Paul Revere Life Ins.*, 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (finding that magistrate judge's order precluding expert witness testimony as a sanction for plaintiff's discovery misconduct was non-dispositive). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Courts, however, will

not "consider arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 353 (E.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Scientific Components Corp. v. Sirenza Microdevices. Inc.*, No. 03-CV-1851, 2006 WL 2524187 (NGG) (RML), at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") While "*de novo* review requires that the district court independently consider and arrive at its own conclusions about those portions of the magistrate judge's Report and Recommendation to which the objection is made, the district court need not specifically articulate all of its reasons for rejecting a party's objections." *Smith v. Marcellus*, 917 F. Supp. 168, 170 (W.D.N.Y. 1995) (citations omitted).

Here, Judge Bulsara imposed Rule 37 sanctions on Defendants for failure to comply with discovery rules and deadlines, and prior court orders. The sanctions preclude Hersch's declaration in support of Defendants' motion for summary judgment. Defendants argue that Judge Bulsara's order is subject to *de novo* review because it "precludes Hersch from providing" testimony that "may effectively preclude Defendants from establishing loss of selling space that adversely impacts the business, and provision of alternative ADA-compliant methods to ensure all customers can access merchandise." (Defs' Obj., Dkt. 83-1, at 9–10.)

The Court finds that Judge Bulsara's December 2021 Order is non-dispositive because it did not preclude Defendants from asserting any defenses—Defendants are still free to advance any argument they like. *Cf. Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d 648, 653 (S.D.N.Y. 2018) (A "motion to strike an affirmative defense is clearly dispositive of a defense

of a party."). To the extent Defendants argue that Judge Bulsara's decision prevents them from providing factual support for a defense, that is not sufficient to warrant *de novo* review. *See Sansalone v. Bon Secours Charity Health Sys.*, No. 05-CV-8606 (BSJ), 2009 WL 1649597, at *1 (S.D.N.Y. 2009) (rejecting an argument that a magistrate judge's denial of an extension of time for expert discovery worked a "death penalty" to the case and became a dispositive ruling subject to *de novo* review). However, out of abundance of caution, the Court reviews Judge Bulsara's December 2021 Order *de novo*.[6]

## DISCUSSION

I.    **Hersch's Declaration Violates Judge Bulsara's Prior Orders**

A.    **Legal Standard – Rule 16**

Rule 16(b), which addresses scheduling orders, "serves an important function in ensuring fairness, certainty, and expedition of litigation." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-03749 (KMW) (DCF), 2009 WL 3467756, at *6 (S.D.N.Y. Oct. 28, 2009) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). Rule 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.

---

[6] The appropriate standard of review for Rule 11 sanctions remains unsettled in this Circuit, and although the Second Circuit has recently reiterated that "Rule 37 orders imposing discovery sanctions are non[-]dispositive under *Hoar*," that case discussed the imposition of fees and not preclusion of evidence under Rule 37. *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 768 F. App'x. 141, 142 n.1 (2d Cir. 2019) (summary order).

**B.      Hersch's Declaration Is An Undisclosed Expert Opinion**

Defendants argue that Hersch's declaration should not be stricken because Hersch is a lay

opinion witness and his declaration therefore was not barred by Judge Bulsara's prior orders.

(Defs' Obj., Dkt. 83-1, at 11–12, 16–18.)  The Court disagrees.

Under Rule 701 of Federal Rules of Evidence, lay opinion testimony "is limited to" those

opinions or inferences which are "not based on scientific, technical, or other specialized knowledge

within the scope of Rule 702."  Fed. R. Evid. 701.  "[A] lay opinion must be the product of

reasoning processes familiar to the average person in everyday life."  *United States v. Garcia*, 413

F.3d 201, 215 (2d Cir. 2005).  Lay opinion testimony based on "knowledge and participation in

the day-to-day affairs of [a] business" is not expert opinion if it was formed "not because of

experience, training or specialized knowledge within the realm of an expert, but because of the

particularized knowledge that the witness has by virtue of his or her position in the business."  Fed.

R. Evid. 701 advisory committee's note to 2000 amendment.  The Second Circuit has thus held

"that a witness's specialized knowledge, or the fact that he was chosen to carry out an investigation

because of this knowledge, does not render his testimony expert as long as the testimony was based

on his investigation and reflected his investigatory findings and conclusions, and was not rooted

exclusively in his expertise."  *United States v. Cuti*, 720 F.3d 453, 460 (2d Cir. 2013) (quoting

*Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004)) (internal quotation

marks omitted).  "However, if the testimony was not a product of his investigation, but rather

reflected his specialized knowledge[,] . . . then it [is] impermissible expert testimony."  *Id.* (internal

quotation marks and brackets omitted).

The distinction between expert and lay opinion testimony ensures that a party is prevented

"from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a

witness without satisfying the reliability standard for expert testimony set forth in Rule 702."

*Garcia*, 413 F.3d at 215.  Courts "must focus on the reasoning process by which a witness reached his proffered opinion."  *Id.* (internal quotation marks omitted).  The party offering the lay opinion testimony bears the burden of satisfying Rule 701's requirements.  *Id.* at 211.

Here, Hersch's opinions in the declaration are based on a mix of (1) his experience at Rainbow and more broadly in the retail merchandising industry and (2) his personal visit to the Store in September 2021.  (*See generally* Hersch Decl., Dkt. 83-3.)  Hersch does not attach any documents to his declaration to demonstrate his analysis, *i.e.*, the basis for the estimates he made, the specific numbers he relied on, and the mathematical analysis and/or formulas he used.  Instead, Hersch offers the following description of the steps he undertook during his September 2021 visit to the Store: (1) "measured the number of floor tiles in each section of the first[7] floor along with the number of floor tiles length-wise and width-wise to determine the square footage of each section"; (2) "measured the dimensions of each of the fixtures"; (3) "estimated the amount of merchandise items that each fixture held"; (4) "estimated that there were 28 '4 ways' that are each approximately 36 inches wide and 36 inches long that would need to be removed on the first floor" and found that "[o]n average, each 4-way contained approximately 96 units of merchandise"; (5) "estimated there were 7 'rounders' that are each approximately 54 inches in diameter that would need to be removed on the first floor" and found that "[o]n average, each rounder contained approximately 240 units of merchandise."  (*Id.* ¶ 16; *see also id.* ¶¶ 18, 21.)  There are no definitions of "4 ways" and "rounders" in the declaration.

Hersch also relies on his experience in the industry and at Rainbow, as demonstrated by the following statements in the declaration, among others: (1) "[t]he more display capacity in the

---

[7] Hersch undertook the same measurements and estimates with respect to the second and fourth floors at the Store, but did not have to do the same for the third floor, which "mainly displays shoes," because "the merchandise racks" there "were separated by at least 36 inches."  (*Id.* ¶ 20.)

Store, the more variety Rainbow can offer the customer, thereby increasing sales potential" (*id.* ¶ 4); (2) "[t]his is not the kind of store where more sizes or colors are retrieved for customers from a back room" because "reductions in inventory on sales floors result in equal or nearly equal reductions in sales and revenue" (*id.* ¶ 5); (3) "[t]his merchandising strategy is employed by many discount clothing stores" (*id.*); (4) "[a]s to speed or turnover of sales, the [store] was significantly faster than most Rainbow stores, turning over in the high four range as opposed to the average store turnover in the low three range" (*id.* ¶ 6); and (5) "[a]s mentioned, this merchandising system comports with Rainbow's philosophy and operational strategy (and the strategy of many other discount stores)" (*id.* ¶ 9). The declaration does not define "high four range" and "low three range."

Based on these measurements and estimates, and his experience, Hersch concludes that "permanently widening the aisles around all of the merchandise racks to a minimum of 36 inches would require the removal of merchandise racks holding 10,608 merchandise units total, which represents 13% of the Store's current inventory, and that removal of such merchandise racks would have a significant negative impact of more than 13% on the sales revenue of the Store." (*Id.* ¶ 26.) Defendants do not dispute that Hersch does not offer such opinions in the regular course of his duties and that he prepared the analysis in the declaration specifically to provide evidentiary support for Defendants' summary judgment motion.

The Court agrees with Judge Bulsara that Hersch's "[d]eclaration does precisely what the Court already ruled Hersch could not do: provide expert opinion testimony dressed up as a factual observation." *Irish*, 2021 WL 5899048, at *2. Hersch's declaration is not lay witness opinion; it was formed "because of experience" and "specialized knowledge" Hersch gained as a result of his 20 years of experience working in the retail industry. This is apparent not only from the fact that

Hersch himself concedes to relying on his experience, but also from the fact that he uses undefined terms and estimates that would not be used by the "average person in everyday life," *Garcia*, 413 F.3d at 215, and that the jury would have to rely on Hersch to understand.[8]   *See Edelmann v. Keuka College*, No. 16-CV-6293 (FPG), 2019 WL 3816563, at *8 (W.D.N.Y. Aug. 14, 2019) ("Testimony regarding industry . . . terminology constitutes specialized knowledge falling within the scope of Rule 702 if it is grounded in one's general knowledge of or experience in the industry." (collecting cases)).

Thus, Hersch's declaration is, at best, based both on his personal observations and his experience.  In the absence of any document that would transparently and clearly explain how exactly Hersch arrived at his conclusions, the Court cannot parse through the analysis to speculatively determine which parts are lay opinion and which parts are expert opinion. "Certainly it is possible for the same witness to provide lay and expert testimony in a single case . . . [b]ut before such testimony could have been proffered pursuant to Rule 702, [Defendants were] obligated to satisfy the reliability requirements set forth in that Rule, and disclose [Hersch] as an expert pursuant to Rule 26(a)(2)(A)," *Bank of China, N.Y. Branch*, 359 F.3d at 182 (internal quotation marks omitted), which Defendants did not do.  The Court therefore affirms Judge Bulsara's finding that Hersch's declaration is largely expert opinion and that it falls within Judge Bulsara's prior orders barring "expert opinions" not "offered by properly disclosed expert witnesses."[9]  *Irish*, 2021 WL 5899048, at *1.

---

[8] Hersch also opines about merchandising and operational strategies of Rainbow and other discount stores generally.  (Hersch Decl., Dkt. 83-3, ¶¶ 5, 9.)

[9] Even if Hersch's declaration did not violate Judge Bulsara's prior orders, or, as Defendants argue, can be interpreted as different from the previously precluded Memos because its analysis of financial impact is limited to revenue loss, it would still be improper and untimely because Hersch was never disclosed as an expert witness.

Defendants also argue that Hersch's declaration did not violate Judge Bulsara's prior orders because such orders "specifically left open the ability of Hersch to testify about his own factual knowledge and lay opinions" and "did not bar evidence relating to the Store's procedures or signage for assisting customers." (Defs' Obj., Dkt. 83-1, at 11–13.) The Court need not consider these arguments because they were not presented to Judge Bulsara.[10] *J.P.T. Auto.*, 659 F. Supp. 2d at 353. Regardless, these arguments misunderstand Judge Bulsara's December 2021 Order—it neither barred Hersch as a witness nor generally barred evidence regarding the Store's signage and procedures. Judge Bulsara struck Hersch's *declaration* on the basis that it contains improper and untimely expert opinion. (*See generally* December 2021 Order, Dkt. 78.)

## II.    Hersch's Declaration Is Untimely

### A.    Legal Standard – Rule 26

Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "While [Rule 26(e)] itself provides no express sanctions for a violation, . . . the duty to supplement responses will normally be enforced, . . . through sanctions imposed by the trial court, including exclusion of evidence, continuance, or other action, as the court may deem appropriate." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and brackets omitted).

---

[10] For similar reasons, the Court will not consider any attachments to the declaration of Defendants' counsel, Eric D. Witkin, filed in support of Defendants' objection, including the excerpted transcript of Plaintiff's deposition, which is irrelevant here. The Court will, however, grant Defendants' motion to file the deposition transcript under seal, but will not consider it in ruling on Defendants' objection.

**B.      Fact Discovery Closed in May 2020 and Hersch's Declaration Is Untimely**

Even assuming, *arguendo*, that Hersch's declaration can be characterized as lay opinion, the majority of opinions offered in the declaration are untimely.

Defendants argue that Judge Bulsara's order extending fact discovery applied to *all* fact discovery.  (*See* Defendants' Objection, Dkt. 83-1, at 11 ("The [December 2021] Order incorrectly states that discovery closed in May 2020, except for a limited number of depositions . . . But no depositions occurred before May 2020. All fact discovery was extended to September 30, 2020 and then to November 16, 2020." (citations omitted)).)  This argument is belied by the record.  Indeed, at the status conference held on May 18, 2020, it was defense counsel, Mr. Witkin, who specifically requested that fact discovery be extended *to allow for four depositions to take place*:

> MR. WITKIN: It's not just expert discovery. Fact discovery was never completed. Our deposition of the plaintiff and the plaintiff's deposition of three witnesses that the defendants identified was not completed [because of] the Covid shutdown, so that has to be done as well before we get into expert discovery.

> THE COURT: Okay. I will extend the deadline until the end of September at this point and we'll put it down for a status conference.

(*See* May 2020 Tr., Dkt. 66, 6:23–7:6.)  Judge Bulsara's and the parties' understanding that the extension was *limited* in nature was reaffirmed at the following discovery status conferences.  (*See generally* Sept. 2020 Tr., Dkt. 67; Oct. 2020 Tr., Dkt. 37)  The Court thus agrees with Judge Bulsara that Defendants' argument that *all* discovery was extended to November 16, 2020 is frivolous.  *See Irish*, 2021 WL 1827115, at *2 (citations omitted).

Moreover, regardless of Defendants' interpretation of the May 18, 2020 Minute Entry and Order, Judge Bulsara has expressly held that "the time to take fact discovery" was only extended for the "limited purpose" of deposing these four previously identified witnesses.  (*See* Judge Bulsara's December 2020 Order, Dkt. 48, at 2.)  Judge Bulsara's interpretation of his own order is accorded "substantial deference."  *United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005)

("When an issuing judge interprets his own orders," the reviewing court "accord[s] substantial deference to the draftsman," and "will not reverse the judge's construction of an ambiguity in his own words except for abuse of discretion."). Accordingly, the Court affirms that fact discovery in this case closed on May 8, 2020.

Defendants next argue that Hersch knew before February 2021, when he was deposed by Plaintiff, that removing merchandise from the Store would adversely impact the Store's revenue and that Plaintiff simply failed to ask Hersch about this issue at his deposition. (*See e.g.*, Defs' Obj., Dkt. 83-1, at 14). That argument is beside the point. Hersch's declaration largely relies on his September 2021 visit to the Store and not on his prior visit. Plaintiff could not have deposed Hersch about a visit to the Store that had not yet occurred and likely was not yet planned. Neither could Plaintiff have examined Hersch about his yet non-existent revenue loss analysis, which was based on measurements and estimates Hersch made months after the deposition, during his September 2021 visit to the Store. Defendants concede as much. (*See* Declaration of Eric D. Witkin, Dkt. 83-2, ¶ 38 ("Hersch could not at his February 2021 deposition have answered questions about Store measurements, as he had not yet made his own measurements or estimates based on them.").) Thus, while it may well be true that the adverse effect of merchandise removal on the Store is not new information, it is undisputed that the declaration contains information not previously disclosed to Plaintiff during fact discovery.[11] The Court therefore affirms Judge

---

[11] For similar reasons, the fact that Plaintiff's expert "includes photographs of the Store that clearly depict [] signage" (Defs' Obj., Dkt. 83-1, at 12) does not help Defendants' argument. If anything, it signals yet another reason to find that Hersch's declaration is expert testimony, not lay opinion, that Defendants belatedly offered to rebut Plaintiff's expert's opinions.

Bulsara's finding that Hersch's declaration, even if lay opinion testimony, violates discovery deadlines set by Judge Bulsara and is thus an untimely disclosure.[12]

## III.    Preclusion of Hersch's Declaration Is An Appropriate Sanction

### A.    Legal Standard – Sanctions

Under Rule 37(b)(2)(A)(ii), "if a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders" that "may include" "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."   Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also Balk v. New York Inst. of Tech.*, No. 11-CV-509 (JFB) (AKT), 2013 WL 6990767, at *3 (E.D.N.Y. Sept. 30, 2013) ("Rule 37(b)(2) sanctions must be both (1) just and (2) relate to the

---

[12] Defendants also argue that Hersch's declaration is not improper because (1) it is allowed under Rule 56(c) because it is based on his personal knowledge and (2) facts that can make an ADA action moot are always discoverable.  (Defs' Obj., Dkt. 83-1, at 13–16, 21.)  Once again, the Court need not consider arguments that were not presented to Judge Bulsara. *J.P.T. Auto.*, 659 F. Supp. 2d at 353.  In any event, these arguments are not persuasive.  First, Rule 56 is not an end-run on the timely disclosure requirements of Rule 26, especially where the party opposing summary judgment did not have an opportunity to examine the declarant about the information in the declaration. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007) ("Because a decision on the motion to strike may affect [the movant's] ability to prevail on summary judgment, it is appropriate to consider the Motion to Strike prior to the Motion for Summary Judgment.") (quotation omitted); *cf. Ebewo v. Martinez*, 309 F. Supp. 2d 600, 606–08 (S.D.N.Y. 2004) (finding that it would be unfair if plaintiff could "cobble together the evidence needed to oppose summary judgment only after the date specified by [the discovery schedule] for the close of expert discovery, and only after the defendant had submitted his motion for summary judgment.").  Second, the record does not support a finding that Hersch's testimony makes this ADA case moot; indeed, there is a factual dispute between the parties regarding whether "the Store would be adversely impacted" by permanent removal of racks "to create 36-inch wide aisles" (Defs' Obj., Dkt. 83-1, at 4). *See Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)); *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps.*, 466 U.S. 435, 442 (1984) ("[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.").  Defendants are free to make a fully fleshed-out mootness argument in their motion for summary judgment, but not based on testimony that was not timely disclosed.

particular claim to which the discovery order was addressed." (internal quotation marks omitted)). Similarly, Rule 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *Ebewo*, 309 F. Supp. 2d at 607 ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence.") (quoting *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)); *see also CSC Holdings, Inc. v. Berube*, No. 01-CV-1650 (DRH), 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is "designed to avoid . . . gamesmanship . . . [and] to provide a strong inducement for disclosure of Rule 26(a) material.") (internal quotation marks omitted).

While an order precluding evidence "is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see also Ebewo*, 309 F. Supp. 2d at 607 (preclusion of evidence "is a drastic remedy and should be exercised with discretion and caution.")  Courts consider the following four factors in exercising their discretion to impose sanctions that preclude evidence: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (brackets in original) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commons, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).  The decision whether to sanction a party by precluding evidence is within the sound discretion of the district court.  *See id.*

### B.      Hersch's Testimony Was Properly Precluded

Applying the factors listed above here, the Court affirms in part and modifies in part Judge Bulsara's December 2021 Order striking the Hersch declaration.

First, Defendants' explanation for failure to comply with the discovery deadlines in this case is that Defendants did not "learn[] that Hersch wanted data . . . regarding the number of racks and merchandise in the Store that would" have to be removed to make the aisles permanently 36 inches wide until October 2020, when preparing Hersch for a scheduled deposition.  (Defs' Obj., Dkt. 83-1, at 6–7.)  This explanation is inadequate.  As Judge Bulsara observed, "Defendants should have asked Hersch well before a few days before the deposition what documents he was going to use and rely on," and "had it within their power to collect all evidence required to defend their claims, but chose not do so in a timely fashion."  *See Irish*, 2021 WL 1827115, at *5 n.4 (brackets and internal quotation marks omitted); *see also id.* at *3 ("interviewing a witness late in the process does not provide cover for a revised disclosure, because compliance with [Rule 26(a)(1)] turns on whether information was 'reasonably available,' not on when a party or counsel chooses to find out the information").

Second, as already discussed, the Court disagrees with Defendants that the declaration is determinative of a defense.  Judge Bulsara did not strike any pleadings or affirmative defenses, and did not prevent Defendants from making any arguments they may wish to advance.  Thus, the fact that Defendants expected Hersch's declaration to lend support to one of their arguments cuts slightly in favor of Defendants, but is not determinative.

Third, Defendants are incorrect when they argue that there is no prejudice to Plaintiff in this case.[13]  Defendants argue that the only prejudice, if any, is that Hersch would have to be

---

[13] Defendants argue that preclusion of Hersch's testimony would cause prejudice against them.  That is not the inquiry.  Courts consider "the prejudice suffered by the opposing party as a

deposed again and state that they are willing to pay Plaintiffs' attorneys' fees and expenses to reopen discovery for Hersch to be deposed.   But monetary expense has never been the only prejudice to Plaintiff.   The Court agrees with Judge Bulsara's findings with respect to prejudice to Plaintiff as a result of the untimely disclosure:

> Plaintiff's counsel deposed Hersch on February 11, 2021. And at that deposition, Hersch was asked about his site visits to the store—namely a February 2020 visit. There can be no doubt that Hersch's new testimony—in the form a declaration—of a new site visit, that took place a year and a half after the prior one, will prejudice Plaintiff. Hersch was not subject to any questioning about the September 2021 visit; Plaintiff had no opportunity to understand his assumptions, analysis, or the basis of his opinions. Plaintiff only has the stale deposition testimony about a different site visit to counter the evidence Defendants are using to dismiss her claims. And because fact discovery is closed, there is no opportunity to depose Hersch a second time (something which itself would impose additional fees and costs) to obtain discovery about the newly proffered facts.

*Irish*, 2021 WL 5899048 at 5 (citations omitted).   Moreover, where, as here, the precluded evidence is expert testimony, the parties' strategy and arguments can be significantly influenced by the testimony.   *See Softel*, 118 F.3d at 962 ("[A]ny differences between [parties' experts witnesses] would have redrawn the boundaries of the case and almost certainly have prejudiced [plaintiff's] ability to meet [defendant's] attack. Because [plaintiff] would have been forced, at a very late date in the discovery process, to accommodate potentially significant shifts in the theories being offered against it, this factor cuts in favor of [plaintiff]").

Defendants argue that "[a]ny prejudice toward Plaintiff can be alleviated by a limited deposition of Hersch" (Defs' Obj. Dkt. 83-1, at 14) which would be a "limited re-opening of fact discovery" that "would cause minimal delay" (*id.* at 22).   Defendants assume that the possibility of continuance in this case is minimal because no trial has been scheduled and Plaintiff "does not

---

result of having to prepare to meet the new testimony." *Softel*, 118 F.3d at 962.  In any event, any prejudice Defendants would suffer is self-inflicted by Defendants' own failure to timely disclose Hersch as an expert witness or timely disclose the information he relies on in his declaration.

oppose reopening discovery." (*Id.* at 22.)  First, simply because Plaintiff made an alternative argument to Judge Bulsara regarding reopening discovery does not mean that Plaintiff does not oppose it.  To the contrary, Plaintiff requested that alternative to minimize prejudice *in the event* Judge Bulsara decided not to strike Hersch's declaration.  That is hardly consent to reopening the discovery deadlines that had long been closed.  Second, while it is true that no trial has been scheduled yet, this case has been pending for over four years and Judge Bulsara has "extended the fact discovery deadline eight times" already.  *See Irish*, 2021 WL 1827115, at *5.  As Judge Bulsara has rightfully observed, "this case has been pending for an inordinate amount of time." (Oct. 2020 Tr., Dkt. 37, 7:1–2.)  Additionally, entirely avoidable delay will prejudice Plaintiff in the pursuit of her claims.  The Court will not further extend the deadline to complete discovery in this case.

Accordingly, the Court affirms Judge Bulsara's finding that the appropriate sanction here is to strike the Hersch declaration.  However, because preclusion of evidence "is a drastic remedy and should be exercised with discretion and caution," *Ebewo*, 309 F. Supp. 2d at 607, the Court will not strike the entire declaration.  Instead, the Court modifies Judge Bulsara's order by striking only paragraphs 4–6 and 10–26 of the declaration.  These paragraphs contain undefined terms and expert testimony, and rely on Hersch's post-deposition visit to the Store.  The Court also strikes the part of paragraph 9 that references industry standards for discount stores.  (*See* Hersch Decl. 83-3, ¶ 9 ("(and the strategy of many other discount stores")).)

## CONCLUSION

For the reasons stated herein, Judge Bulsara's December 14, 2021 order striking the declaration of Jonathan Hersch is affirmed in part and modified in part.  The Court strikes paragraphs 4–6 and 10–26 of the declaration and the part of paragraph 9 that references industry standards for discount stores.  Defendants may submit an amended Hersch declaration in support

24

of their motion for summary judgment consistent with this Memorandum and Order. Additionally, Defendants' motion to file Plaintiff's deposition transcript under seal is granted, although the Court did not consider it in ruling on Defendants' objection to Judge Bulsara's December 14, 2021 order.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 13, 2022
Brooklyn, New York