

Littler Mendelson P.C.
900 Third Avenue
New York, NY  10022.3298

Eric D. Witkin
212.497.8487 direct
212.583.9600 main
646.417.7546 fax
ewitkin@littler.com

March 21, 2023

**VIA ECF**
Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East, N 631
Brooklyn, NY 11201

Re:   *Irish v. Tropical Emerald LLC and Rainbow USA, Inc.* (USDC EDNY – 18 Civ. 00082)

Dear Judge Chen:

We are counsel to Defendants Tropical Emerald LLC and Rainbow USA, Inc. in this action. Pursuant to Your Honor's Individual Practices and Rules, Defendants oppose Plaintiff's March 14, 2023, letter motion (ECF No. 111; "Letter Motion") to strike Defendants' Reply to Plaintiff's Response to Defendants' Statement of Undisputed Material Facts Pursuant to Rule 56.1 ("Reply 56.1") (ECF No. 106) and the footnotes contained in Defendants' Reply Memorandum of Law in support of their Summary Judgment Motion (the "Motion") (ECF No. 105).

Plaintiff's Letter Motion falsely claims that some of Defendants' reply papers are precluded by the Court's rules; it attempts to divert the Court from the merits of Defendants' Motion.  Plaintiff cites no case law or rule barring any of Defendants' reply papers, which comply with the Court's Local Rules and Your Honor's Individual Practices and Rules.  Plaintiff's attempt to mislead the Court by misrepresenting the law and application of the Court's rules should be rejected.

*i.   Defendants' Reply 56.1 is Appropriate and Permitted by this Court's Rules; Plaintiff's Motion to Strike is Baseless and Should Be Denied.*

Quoting only a portion of a statement from *Capital Records, LLC v. Vimeo, LLC*, 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 10, 2018), Plaintiff misrepresents its holding.  There, the Court **denied** plaintiff's motion to strike and permitted defendants to submit a reply 56.1, noting that although Local Rule 56.1 "does not provide for a 'reply' in further support of a Rule 56.1 statement…..the Rule does not prohibit such replies."[1]  *Id.*  Plaintiff then cites two cases from the Northern District of Illinois[2] that are not controlling.  Further, in *Pape v. Dircksen & Talleyrand Inc.*, 2019 WL 1435882, at *3 (E.D.N.Y. Feb. 1, 2019), after noting "[t]here is nothing wrong"

---

[1] Plaintiff inaccurately attributes this quote to *Court of Appeals Sattar v. U.S. Dep't of Homeland Sec.,* 669 F. App'x 1, 3 (2d Cir. 2016), which did not address a reply 56.1 statement.  *See id.*

[2] The Illinois rules are inapposite as the Illinois Courts found the submission of a reply 56.1 to be "highly unusual" and disallowed.  *See, e.g. Lincoln Nat. Life Ins. Co. v. TCF Nat. Bank*, 875 F. Supp. 2d 817, 821 (N.D. Ill. 2012); *Curtis v. Wilks*, 704 F. Supp. 2d 771 (N.D. Ill. 2010).

Hon. Pamela K. Chen
March 21, 2023
Page 2

with submitting a reply 56.1, the court declined to consider the reply 56.1 because it cited declarations and depositions not cited to support the original 56.1 statement.[3]  Here, Defendants' Reply 56.1 does not assert new arguments or cite new evidence or provide "further support" for Defendants' 56.1 statement (*contra* Letter Motion at 1); rather, it identifies: (1) where Plaintiff failed to materially dispute a factual statement; (2) any purported "disputes" for which Plaintiff cites no record evidence; and (3) Plaintiff's "neither admitted nor denied" statements that are admissions.  Courts in this Circuit regularly consider reply 56.1 statements in this context.  *See, e.g. Sanchez v. Nassau Cnty.*, 2023 U.S. Dist. LEXIS 41194 (E.D.N.Y. Mar. 11, 2023); *Nat'l Coal. on Black Civic Participation v. Wohl*, 2023 U.S. Dist. LEXIS 39098, at *3 n. 2 (S.D.N.Y. Mar. 8, 2023); *Maxon v. Hyundai Mazda v. Carfax, Inc.*, 2016 U.S. Dist. LEXIS 171418, at *38 n. 1 (S.D.N.Y. Sept. 3, 2016).

Therefore, Plaintiff's Letter Motion is baseless and would prejudice Defendants by striking their Reply 56.1.  The Second Circuit cases cited by Plaintiff do not stand for the propositions she claims.  In addition, contrary to Plaintiff's assertion, Local Rule 56.1(b) says nothing about reply 56.1 statements[4] and does not limit a party's right to file them (*contra* Letter Motion at 1).  Accordingly, Plaintiff's Letter Motion to strike the Reply 56.1 should be denied.

ii.   *Plaintiff's Motion to Strike Has No Basis in Fact or Law as Defendants' Reply Brief Complies with the Court's Rules.*

Incredibly, Plaintiff seeks to sanction Defendants for filing reply papers that comply with this Court's formatting Rules.  Such a request wastes the time and resources of the Court.

Plaintiff cites no authority to support her argument that Defendants cannot use footnotes to present supporting facts or arguments in their reply brief.  First, none of the cases cited in the Letter Motion (which are all inapposite) had the outcome Plaintiff seeks: to strike the footnotes in Defendants' brief.  *See Baines v. Nature's Bounty (NY) Inc.*, 2023 WL 2185603, at *10 (E.D.N.Y. Jan. 3, 2023) (declining to strike brief containing an additional 3 lines of text in body of brief per page when the Judge's rules required a 23 line per page limit); *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 640 (2d Cir. 1995) (affirming judgment but declining to award costs because many of the 58 footnotes were over a page long and contained crucial arguments); *Alix v. McKinsey & Co.*, 404 F. Supp. 3d 827, 832 n. 3 (S.D.N.Y. 2019) (declining to strike brief that had 154 footnotes that comprised 46% of the brief's text despite plaintiff being granted leave to file a 75 page brief).

---

[3] On the limited occasions when the Second Circuit rejected a reply 56.1, the statements asserted arguments and cited evidence not included in the original 56.1.  *See G.S. v. Pleasantville Union Free Sch. Dist.*, 2020 U.S. Dist. LEXIS 142589, at *1 n. 2 (S.D.N.Y. Aug. 10, 2020); *Sanders v. City of N.Y.*, 2021 U.S. Dist. LEXIS 113239, at *6 n. 8 (E.D.N.Y. June 15, 2021).  That is not what the Reply 56.1 does.

[4] Local Civil Rule 56.1(b) states the following:
> The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

Hon. Pamela K. Chen
March 21, 2023
Page 3

Second, none of the inapposite cases cited by Plaintiff supports the argument that footnotes containing legal or factual arguments like those in Defendants' reply brief should be stricken. *See Gramercy Advisors LLC v. Ripley*, 2014 WL 5847444, at *2 (S.D.N.Y. Nov. 12, 2014) (plaintiff did not properly preserve for appeal an argument raised only in a footnote citing no supportive authority); *Skibniewski v. Commissioner*, 2020 WL 5425343, at *3 n.1 (W.D.N.Y. Sept. 10, 2020) (plaintiff's citation to the entire 520-page record is insufficient as the "Court is not required to comb the record in search of evidence…", although Court noted that the use of extensive footnotes *could* violate local rules); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000) (argument raised only in a footnote is not preserved for appellate review); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 571 n.11 (S.D.N.Y. 2017) (declining to consider argument raised entirely in a footnote).[5] This matter is not on appeal, and Defendants' citations are all to specific record documents. None of Defendants' principal arguments is raised only or entirely in a footnote. Most of the footnotes contain definitions/abbreviations, clarifications, and incidental facts, see fn 1-3, 5, 8, 9, 11, 13, 16, 21, 24-26, 29, and many others contain legal argument about relevant, but non-dispositive issues, see fn 6, 7, 10, 14, 15, 17, 18, 20, 28, 30. Plaintiff does not cite to a single example of how Defendants allegedly presented novel substantive arguments in footnotes in their reply brief.

Plaintiff moves to strike Defendants' compliant reply brief because Defendants once failed to comply with formatting rules for a discovery-related letter motion, for which they apologized.[6] See ECF Nos. 58, 60, 61. The formatting of prior filings is no reason to strike Defendants' reply brief that complies with the formatting rules.[7] Plaintiff's spurious argument that Defendants' footnotes should be stricken should be rejected.[8] Plaintiff's failure to cite any record evidence in support of her unfounded Letter Motion to strike defeats her claims, and her requests should be denied. Defendants should not be sanctioned for filing compliant reply papers, and Plaintiff's waste of judicial resources should not be rewarded.

                                              Respectfully yours,

                                              */s/ Eric D. Witkin*
                                              Eric D. Witkin

cc: All Counsel of Record (via ECF)

---

[5] In fact, courts in this Circuit have considered footnotes even where the party violated a formatting rule. *See, e.g., Nimkoff v. Dollhausen*, 2010 U.S. Dist. LEXIS 158023, at *6 (E.D.N.Y. May 15, 2010) (considering arguments in footnotes even when Judge's Practices explicitly provided, "*no footnotes* are permitted in *any* filings with the Court.") (emphasis in original); *Erie Painting & Maint., Inc. v. Ill. Union Ins. Co.*, 876 F. Supp. 2d 222, 224 (W.D.N.Y. 2012) (declining to strike footnotes not in 12-point font even though Court's Rules required footnotes be in 12-point type, noting, "Courts have broad discretion in applying their local rules.").

[6] Plaintiff's distorted recitation of the prior proceedings is irrelevant to her Letter Motion. The January 27 Order to Show Cause was based on a reduction of the font size and margins after the Court denied a request for excess pages.

[7] Defendants' reply brief is in 12-point double-spaced type in the body with 10-point type single-spaced footnotes, with 1-inch margins in compliance with Local Civil Rule 11.1.

[8] The formatting of the Letter Motion is deceptive as it copies and pastes the footnotes into a document (ECF No. 111-1) without acknowledging that including that information in the body of the brief would not have added nine pages to the brief.